## Stanfield *et al. versus* Phillips.

1. The declaration in an action for malicious arrest was general; under it only such general damages as the law presumes would follow from the arrest could be recovered.

2. To recover special damages the declaration should set out with particularity the causes which produced them.

3. Evidence of special damages can be given only where they have been properly averred in the declaration.

4. In an action for malicious arrest, under the Act of July 12th 1842, of the plaintiff, who was a merchant, the court allowed a witness to be asked, "in what manner the plaintiff was injured in credit and circumstances and to what extent." *Held* to be error.

February 23d 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Certificate from Nisi Prius: No. 223, to January Term 1873.

This was an action on the case, commenced January 21st 1871, by James R. Phillips against Mark M. Stanfield, Philip H. Wentworth, Lyman B. Jewell, James S. Leavitt and John L. Melcher, trading as Stanfield, Wentworth & Co.

The action was for damages for the malicious arrest of the plaintiff by the defendants. The plaintiff, in 1870, was in partnership in Philadelphia with his brother, Fleming S. Phillips, under the firm of J. R. & F. S. Phillips. They had had dealings to a large amount with the defendants, who were merchants in New York. The Phillips' being considerably indebted to the defendants, about the 17th of November 1870, the defendants wrote to them requesting a settlement; the Phillips' and defendants, after two or more interviews, having failed to come to an arrangement satisfactory to the defendants, one of their firm came to Philadelphia, and on the 17th of January 1871, had both of the brothers arrested by a warrant of arrest, under the Act of 1842, for fraudulently removing their property, and with having procured goods from the defendants with intent not to pay for them, but to convert them to their own use, &c. On a hearing before Mr. Justice Sharswood, they were both discharged.

The declaration was:

That, whereas, the said defendants, on the 17th day of January 1871, at, &c., not having any reasonable cause whatsoever against the said plaintiff for which they caused him to be arrested, as hereinafter mentioned, but contriving and intending to injure the said plaintiff, falsely and maliciously caused to be issued and prosecuted out of the said court by the Honorable George Sharswood, one of the justices thereof, against the said plaintiff, a certain warrant of arrest, &c., * * * to arrest the said plaintiff upon the complaint of the said defendants, that the plaintiff, with one Fleming S. Phillips, were then and there about to remove their

[Stanfield *v.* Phillips.]

property out of the jurisdiction of the said court, with intent to defraud their creditors, and that they then and there had property which they fraudulently concealed, and that they had assigned, removed, and disposed of, and then and there were about to dispose of some of their property, with intent to defraud their creditors, and that they had fraudulently contracted the debt for which the said suit was brought, and the said defendants * * * caused the said warrant of arrest to be delivered to the sheriff, to be executed according to law, and the said defendants * * * caused the said plaintiff to be arrested under and by virtue of the said warrant of arrest, and to be detained and imprisoned thereon * * * until the 17th day of January, in the year aforesaid, when the said plaintiff, to obtain his liberation, procured a certain person to become bound by bond for the appearance of the said plaintiff before the said Honorable George Sharswood, justice as aforesaid, according to the exigency of the said warrant of arrest, for a hearing upon the charges and allegations aforesaid. And the said plaintiff avers that such proceedings were thereupon had before the said justice, that on the 21st day of January, in the year aforesaid, it was considered by the said justice, upon the hearing of the said complaint and allegations of the said defendants, that the same were not in anywise substantiated, and that the said plaintiff should be then discharged and go without day, and by means of the premises the whole proceedings are wholly ended and determined. By means of which said several premises, he, the said plaintiff, during his said imprisonment, suffered great pain and anxiety of body and mind, and was prevented from transacting his necessary affairs and business by him during that time to be performed, and thereby also the said plaintiff necessarily incurred divers costs and expenses, to wit, to the amount of $500, in and about the obtaining of his release from the said arrest and imprisonment, and in and about the defending himself against the said warrant of arrest, and in and about the other premises and by means of the premises the said plaintiff was and is injured in his credit and circumstances and otherwise greatly damnified, &c.

The case was tried at Nisi Prius, March 18th 1873, before Mr. Justice Williams.

The plaintiff gave in evidence the affidavit of one of the defendants on which the warrant of arrest was issued ; also, his arrest by the sheriff's officer, by virtue of the warrant and bringing him before Judge Sharswood, on the 17th of January 1871 ; his giving bail for his appearance for a hearing on the 21st of the same month, and his discharge at that time by the judge.

F. S. Phillips, for plaintiff, testified as to the dealings of his firm and denied the allegations in the affidavit for the warrant of arrest.

The plaintiff proposed to show in what manner he was injured in credit and circumstances and to what extent.

[Stanfield v. Phillips.]

This was objected to, "because no special damage is averred in the declaration, because the evidence should be confined to specific acts of damage, and because the matters were not elements of damage to be recovered in this action."

The offer was admitted and a bill of exceptions sealed.

The witness testified :—

"First, defendant prevented carrying out amount for examination. That arrangement was not carried into effect. We paid all the money we had to our creditors—which deprived us of means to carry. Made ill by it. Cause of preventing other creditors from acceding to other propositions. Our hands were completely tied. Not able to conduct our business on account. Caused us to suspend business. This was commencement of it,—all our trouble,—primary cause of it. Had to pay our legal fees ; compared to our other troubles that very light,—about $1000 for both."

Witness testified also that his firm did not give notes ; that they did not care to give notes to any one ; that they did not buy for notes and then refuse to give them ; they had not refused giving notes when they contracted to give them.

The plaintiff testified that he had bought the goods on four months ; they did not at any time contract to give their notes to defendants. Also, that a memorandum "Four months notes," which was on all the bills was not construed by him to mean that those were the terms ; in some cases the terms were notes on discount.

The plaintiff gave other evidence for the purpose of showing malice and want of probable cause in his arrest.

The defendants gave evidence in answer to the plaintiff's case. Amongst other things, they offered in evidence a letter from the plaintiff's firm, dated October 7th 1870, to E. O. Tufts & Co., as tending to prove that by the terms of purchase from defendants, the plaintiff's firm were bound to give notes in settlement of their accounts at the expiration of sixty days, in case they did not exercise the option of discounting the bill ; and also as tending to contradict the plaintiff and his brother on this point. [The letter was not set out in the paper-book.]

The court rejected the offer and sealed a bill of exceptions.

In the course of the trial a number of rulings on offers of evidence were made, for which bills of exceptions were sealed for the defendant.

The defendants submitted a number of points.

The grounds of the decision of the Supreme Court do not require any further statement of the case.

The verdict was for the plaintiff for $15,000.

A motion was made for a new trial, which was overruled upon the plaintiffs agreeing to remit $5000 of the verdict.

[Stanfield *v.* Phillips.]

The defendants had the case certified to the court in banc and assigned twenty errors.

The 1st and 2d errors were the admission of evidence to show in what manner the plaintiff was injured in credit and circumstances, and to what extent.

5. In overruling the defendants' offer of the letter of E. O. Tufts & Co.

*S. Dickson* and *J. C. Bullitt* (with whom was *L. C. Cassidy*), for plaintiffs in error.—As to the 1st and 2d assignments: No such special damages as were given in evidence were laid in the declaration : Hart *v.* Evans, 8 Barr 13 ; Good *v.* Mylin, Id. 51 ; Bryce *v.* Bailiff, 1 Campbell 58. The damages must be the natural and necessary result of the injury : McKnight *v.* Ratcliff, 8 Wright 156 ; Pittsburg Coal Co. *v.* Foster, 9 P. F. Smith 365 ; 1 Chitty's Pleadings 396 ; Kelly *v.* Partington, 5 B. & Ad. 645.

*C. Gibbons* and *Wm. L. Hirst,* for defendant in error, as to the 1st and 2d assignments, cited : Hood *v.* Palm, 8 Barr 237 ; Swan *v.* Saddlemire, 8 Wend. 676 ; Laing *v.* Colder, 8 Barr 479 ; Hart *v.* Evans, 8 Barr 13.

Mr. Justice GORDON delivered the opinion of the court, March 15th 1875.

The declaration, in this case, was general, and therefore only such general damages as the law would presume to flow from the illegal arrest complained of could be recovered under it : 1 Chitty's Pl. 395. If the plaintiff desired to recover special damages he should have set forth the cause which produced them with particularity, in order that the defendants might know with certainty what they had to meet. This rule imposes no hardship upon the plaintiff, and the enforcement of it is but a matter of justice to defendant.

The above stated rule, of course, governs the evidence which should be admitted in such cases. Evidence of special damage may only be given where the way has been prepared for it by proper averments in the *narr.*

It is evident, therefore, that the learned judge, who tried this cause at Nisi Prius fell into error in admitting the testimony which followed the plaintiff's offer to show, " in what manner the plaintiff was injured in credit and circumstances, and to what extent ?" The offer itself indicates its special character, and the defendants object to it on that ground. If, however, there was any doubt on that subject, it was fully and completely dissipated by what followed. Proof was made by Fleming S. Phillips, on the part of the plaintiff, that the consummation of an arrangement, which they, that is, the copartnership composed of the witness and the

[Stanfield *v.* Phillips.]

plaintiff, under the name of J. R. & F. S. Phillips, had with their creditors for an extension of time on their claims, failed by reason of the illegal action of the defendants in the prosecution and arrest of the plaintiff; that they were thereby obliged to pay out all their moneys upon their debts, and were thus deprived of means with which to carry on business ; that this action on the part of the defendants, caused the plaintiff's illness, and prevented their creditors from acceding to their propositions ; that it embarrassed them in the conduct of their business, and led to their suspension.

Now, if it be the law, as stated by Chitty, in his work on Pleading, vol. 1, pp. 396–7, that the plaintiff, in an action for false imprisonment, may not, unless the fact be specially stated in his *narr.*, give evidence that his health was injured thereby, how can the testimony as above set forth be admissible under the pleadings in this case ?  We see, from the above stated rule, that proof of the only direct personal effect stated in the testimony, i. e., the plaintiff's illness, was inadmissible, much more the remoter consequences which resulted to him through the embarrassments of his firm.  These are not consequences which the law presumes to arise from an arrest, and hence they should have been excluded from the case.

But, it is argued, that the offer was general, and if improper evidence was received under it, it was the duty of the defendants to call the attention of the court thereto, and have it excluded. But we are not willing to admit, as we have before intimated, that his offer was general.  Its terms indicated what followed.  The proposition was to prove in what *manner*, that is, how, in what way, or by what means, the plaintiff was injured in his credit and circumstances.  But the law presumes that the *manner or way* in which the plaintiff was injured, was by the malicious arrest and prosecution, and of these the necessary proofs were already before the court.  Then clearly, the plaintiff, by his offer intended either to go farther than this, by introducing some special matter, or to re-introduce evidence which had just been received, and about which there had been no dispute.  As the latter presumption is absurd, nothing remains but the former.  Thus the special character of the offer was demonstrated by the very circumstances under which it was made, and it should therefore have been excluded from the case.

We discover no other error in the record or rulings which needs correction, except that the letter dated October 7th 1870, J. R. & F. S. Phillips to E. O. Tufts & Co., offered by the defendants, as tending to contradict the testimony of the plaintiff and his brother, should have been admitted.

The judgment is reversed, and a *venire facias de novo* awarded.

WILLIAMS and MERCUR, JJ., dissented.