## Magdule v. Feather

*Bernard A. Buzgon* of *Davis, Katz, Buzgon and Davis,* for plaintiff.

*Allen H. Krause,* for defendant.

GATES, P. J., March 8, 1968.—On November 28, 1967, plaintiff filed his complaint against defendants seeking damages resulting from a fall on a parking lot owned by defendants.

On December 19, 1967, defendants filed preliminary objections to the complaint in the nature of a motion for more specific pleadings and in the nature of a demurrer.

Defendants charge that the eighth paragraph of plaintiff's complaint, averring that the "subject parking lot is in the sole ownership, care, custody and control of the defendants", is a conclusion and does not set forth the facts "under which the same is alleged". We disagree. The allegation that defendants are the owners, custodians and in control of the parking lot is an allegation of the operative ultimate fact essential to the cause of action: Wixon v. Keller Bros. Motor Co., 9 Lebanon 32. Defendants here are asking that plaintiff plead his evidence. This is not required and should be discouraged: Goodrich-Amran §1019.-13. These allegations are sufficient to secure to defendants a clear and exact statement as to what is claimed of them: Pierson v. London, 102 Pa. Superior Ct. 176, 178.

The allegation in paragraph six of the complaint that plaintiff was the lessee of a parking space on the lot does not alter the situation, in view of the allegation that defendants were not only the owners but were in control of the parking area as well. These are the ultimate facts upon which liability is based, and, as we indicated here before, evidentiary facts need not be alleged: United Refrigerator Company v. Applebaum, 410 Pa. 210. A plaintiff need not plead an-

ticipatory matter such as suggested by defendants: 2A Anderson Pa. Civ. Pract. §1019.15. If the terms of the lease alter the alleged liability, it should be pleaded in defense.

Defendants further submit that plaintiff avers that "he has sustained loss of earnings" but does not set forth the nature of his occupation, the wages which he was paid in the past, and the time during which he was unable to follow his employment. Additionally, defendant complains that the complaint does not reveal the nature of the permanent injuries.

Due to the evident confusion among the several district courts as to the nature of general and special damages and the consequent duty to plead generally or to specifically state the damages, we have carefully considered this question. Compare the author's comments and suggestions in 3 Standard Pa. Prac., §209 and 2A Anderson Pa. Civ. Pract. §1019.64.

Pennsylvania Rule of Civil Procedure 1019 (f) requires that items of "special damage" shall be specifically stated. Since the rule is silent with regard to items of general damages, it would appear logical that the prior rule is unchanged and that items of general damages may be pleaded generally and that they need not be specifically set out: Kachuba v. Shade Coal Mining Co., 15 Somerset 142; Delligatti v. Mt. Pleasant Borough, 76 D. & C. 200; Arena v. MacMurray, 85 D. & C. 416.

It is plainly evident that there is confusion and misunderstanding with regard to the nature of general and special damages.* It has long been settled in Pennsylvania that in trespass actions, damages are

---

* We have, in the past, contributed to the confusion by referring to out-of-pocket medical expenses as items of special damages where, ordinarily, they are actually items of general damages. See Delligatti v. Mt. Pleasant Borough, supra, and Price v. Penna., infra.

either general, those which are the usual and ordinary consequence of the wrong done, or special, those which are not the usual and ordinary consequences of the wrong done but which depend upon special circumstances: Parsons Trading Co. v. Dohan, 312 Pa. 464, 468. General damages may be proved even without specifically pleading them: Clark v. Steele, 255 Pa. 330; Leonard v. Baltimore & Ohio Railroad Company, 259 Pa. 51. The averment of the facts showing the wrong done is sufficient to entitle plaintiff to establish general damages. It has been suggested that it is optional with plaintiff as to whether or not he pleads items of general damages. If he wishes, he may either make no averment with respect to such damages or may plead them generally. However, they need not specifically be pleaded: 2 Anderson Pa. Civ. Pract., §1019.64. On the other hand, special damages may not be proved unless the special facts giving rise to them are averred: Laing v. Colder, 8 Pa. 479; Stanfield v. Phillips, 78 Pa. 73. However, Pa. R. C. P. 1019(f) requires, in addition to factual averments of special damages, that they be specifically stated.

It is at this point that the district courts have gone their separate ways in their pleading requirements of damages. Some courts have recognized that the item of damage claimed is a general one but nonetheless require itemization because the particular claim was susceptible to itemization. See for example, Nardell v. Scranton-Spring Brook Water Service Co., 51 Luz. 75; Price v. The Pennsylvania Railroad Company, 17 D. & C. 2d 518; Rosenblum v. United Natural Gas Co., 14 D. & C. 2d 239.

Our research has disclosed no appellate court interpretation of the law which would support the requirement that general damages must be itemized. We are of the opinion that a plaintiff claiming gen-

eral damages ought not be required in his complaint to specifically itemize these damages, and any defendant put at a pretrial disadvantage by this general pleading ought to resort to the many available remedies by way of discovery. In the main, this information is readily made available to opposing counsel in the settlement negotiations or upon request out of professional courtesy. On the other hand, in those cases where the injuries are of a serious and protracted nature, expenses are frequently incurred subsequent to drafting the complaint, so that a rigid requirement of specificity would compel amendments to be made up to the date of the trial. Also, a plaintiff who claims general damages susceptible to itemization and who wishes to avoid discovery has the choice of furnishing the items to opposing counsel or of voluntarily pleading them in his complaint. So, as a practical matter, both the mandates of simplicity in pleading and notice of the claim are thus satisfied.

We are motivated to this conclusion by the need to relieve trial judges from being involved in a matter about which there should be no controversy. A defendant is entitled to know the nature of the claim against him, and plaintiff's counsel is duty bound to furnish the details either by way of request or by submission to discovery proceedings which do not involve the time of trial judges in disposing of dilatory preliminary objections. If the legal profession does not help in reducing clogged court calendars by freeing trial judges for trial work, it will herald the day of administrative disposition of negligence cases such as suggested in the "Diggins Plan". See "The Backlog: A Suggested Remedy", Hon. John V. Diggins, Vol. 37 Pa. B. A. Q., page 272.

Directing our attention to the instant complaint, we note that in paragraph 12 of the complaint, plain-

tiff claims damages, because he "has sustained a loss of earnings for which he is entitled to remuneration". Defendants contend that plaintiff should be more specific and set forth the nature of his occupation, the wages he was paid in the past, and the time during which he was unable to follow his employment. We are of the opinion that such contention is erroneous, although supported by lower court cases. See Price v. Penna. Rug Co., supra; Smith v. Willits Shoe Co., 53 Dauph. 64; 3 Standard Pa. Prac. §209.

Though concededly the early cases in Pennsylvania which have dealt with this item of damages have a tendency to mislead, more recent decisions have clearly established that in trespass actions for personal injuries, damages are not for loss of earnings but for loss of earning capacity arising out of the impairment of that capacity by the negligent conduct of defendant. The earnings of a plaintiff subsequent to an injury as compared with his earnings at the time of the injury are merely evidence, but not conclusive evidence, of his loss of earning power. The true test to be used by the jury in resolving this item of damages is whether or not there is a loss of earning power and of ability to earn money: Sherman v. Manufacturers Light & Heat Company, 389 Pa. 61, 64; Mazi v. McAnlis, 365 Pa. 114, 121; Saganowich v. Hachikian, 348 Pa. 313, 316.

Plaintiff's complaint discloses that he was injured in a fall resulting from an icy condition on defendant's property. He sustained an injury to his left knee requiring surgery and followed by complications. In the ordinary course of events, as a result of such injuries, a plaintiff would be unable to perform remunerative occupation activities as before the injury. Consequently, the item of damages is a general one, and the specific facts in relation thereof and consti-

tuting the measure or basis for assessing these damages need not be specifically pleaded in the complaint.

What has been said here before with respect to loss of earning capacity from the date of the accident to the date of the trial constitute past losses. Where, as here, there is an allegation that the injury sustained is a permanent one, it would follow in the ordinary course of events that a loss of earning power will continue into the future. Therefore, when plaintiff here asks for damages for future loss of earning power, his claim is again one of a general nature and the specific details thereto are not required to be specifically pleaded.

Additionally, this plaintiff claims damages for pain and suffering endured in the past and to be endured in the future as a result of the injuries sustained. The usual and ordinary consequences of such an injury will be to incur future medical expenses. This plaintiff has claimed damages for such future medical expenses, and these items, too, are general in nature and need not be specifically pleaded.

Having determined that plaintiff's complaint sufficiently advises defendants of the nature of the claim for damages, we will refuse the preliminary objections in the nature of a motion for a more specific complaint and now direct our attention to defendant's demurrer.

The gist of defendant's demurrer is that plaintiff's complaint does not reveal the facts giving rise to liability or disclose the theory of plaintiff's case.

In the first place, it is not necessary for a plaintiff to plead the theory of the case: The National Bank of Slatington v. Derhammer (No. 1), 16 D. & C. 2d 286; 2A Anderson Pa. Civ. Pract. §1019.7. All that is required in Pa. R. C. P. 1019(a) is that the material facts on which a cause of action is based must be stated in a concise and summary form. There is no require-

ment, as suggested by defendants, that plaintiff allege the duty which defendants are charged with violating. Where, as here, the facts alleged as negligent conduct themselves suggest the duty that defendants are charged with violating, defendant has ample notice of the nature of the case he is required to defend. For example, the charge that defendants failed to warn plaintiff of a dangerous condition on their property, about which they knew or should have known, implies that defendants owed such a duty to plaintiff.

The complaint reveals that plaintiff fell on a parking lot owned and controlled by defendants. Plaintiff alleges that the fall was caused solely by the carelessness and negligence of defendants in (a) failing to maintain the lot in a safe condition; (b) failing to properly clear the lot of an accumulation of snow and ice; (c) permitting snow and ice to accumulate in ridges and elevations, causing a dangerous condition which they knew or should have known about; and (d) failing to have the lot cleared of ice and snow to accommodate the use by invitees. Briefly put, plaintiff alleges a classic ice falling case, and defendants' liability in such cases is so well established that we will not further burden the reader of this opinion with a discussion of the numerous cases in this jurisdiction, as well as others, in support of liability: Lascoskie v. Berks County Trust Company, 417 Pa. 53; Rinaldi v. Levine, 406 Pa. 74; Schoen v. Youshock, 202 Pa. Superior Ct. 460.

Therefore, after due and careful consideration, we will make the following

### ORDER

And now, March 8, 1968, upon consideration of the preliminary objections, both are dismissed, and leave is hereby granted to defendants to answer the complaint within 30 days of the date of this order. Costs to abide the event.