WERNER and wife, Appellants, v. GIMBEL BROTHERS, INC., and another, Respondents.*

*November 3—December 1, 1959.*

* Motion for rehearing denied, with $25 costs, on February 2, 1960.

For the appellants there was a brief and oral argument by *Stephen R. Miller* of Milwaukee.

For the respondent Gimbel Brothers, Inc., there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Kurt H. Frauen* of counsel, all of Milwaukee, and oral argument by *Mr. Frauen.*

For the respondent Froedtert Enterprises, Inc., there was a brief by *Moore & Moore* of Milwaukee, and oral argument by *Gary E. Moore.*

BROWN, J. In deciding defendants' motions for a directed verdict the trial court stated as facts that the scene of the accident is a place of employment and comes under the safe-place statute (sec. 101.06); that the area is under the control of Froedtert; the lease to Gimbel Brothers required Gimbel's to remove ice and snow from the premises at the point where the accident occurred and to indemnify Froedtert against loss by reason of Gimbel's occupancy.

The trial court determined as a matter of law that neither defendant Froedtert nor defendant Gimbel's had actual or constructive notice a sufficiently long time before Mrs. Werner's fall to impose a duty on either or both defendants arising from the safe-place statute to discover and remedy the slippery condition which caused the accident.

The only issue on this appeal is the question of fact whether the defendants' actual or constructive notice of the unsafe condition of the walk warned them in time to require them to take reasonable precautions to prevent such an accident. We consider that the evidence bearing on that issue presents a jury question not to be determined as a matter of law.

Witness Sokol testified that he is maintenance engineer for Froedtert's. He comes to work at 6 a. m. It is his duty to see that the walks and parking places are cleaned from snow and ice and are sanded so they will not be slippery. He superintends a gang of seven men employed by Froedtert for that purpose and he sometimes does the sanding person-

ally. The total area contains about 35 acres. Sokol's practice is to take care of the walks in Gimbel's part first. Four men are assigned to shovel walks and the others operate plows and graders. Gimbel's employees also care for their own walks.

The record shows that rain had fallen during the night and freezing began in the early morning. The evidence permits finding that the area was slippery because of ice at 6 a. m. Mrs. Werner was injured at approximately 10:30 a. m. At that time maintenance men were spreading cinders or similar material in the parking lot but no sand, salt, or other materials had been spread to prevent slipping in the part of the walk where Mrs. Werner was hurt.

Whether knowledge of the dangerous conditions existing at 6 a. m. when Sokol came to work was insufficient notice in point of time to require defendants to take measures against the slippery condition of the walk at or before 10:30 a. m. is a jury question, as it seems to us, and whether the defendants' duty to make the place safe is performed by postponing care of the walks near the doors used by patrons until care of the parking lot is attended to is a jury question also.

We consider the trial court erred in taking these questions from the jury and deciding them as matters of law.

*By the Court.*—Judgments reversed.

The following memorandum was filed February 2, 1960:

PER CURIAM (*on motion for rehearing*). Defendant Gimbel Brothers, Inc., submits that we did not decide the questions raised by Part II of Gimbel Brothers' initial brief. In substance Part II presents these contentions:

A. The place where plaintiff fell was not a place of employment of the defendant Gimbel Brothers.

B. Gimbel Brothers had no control or responsibility under a lease as to the area on which plaintiff fell.

The first paragraph of our opinion summarized the decision of the trial court upon the issues which Gimbel Brothers now presents. However, defendant concludes that we did not adopt as our own such facts and conclusions of the trial court and, therefore, there is room for argument upon them now. We do now adopt the facts as so summarized.

On the record made in the trial we consider that the trial court's determination of facts and applicable law was correct upon the issues raised by defendant's Part II.

On the record made in the trial the sidewalk is shown to be constructed on private property to serve Gimbel's customers in passing between the store and the parking lot provided for them. The walk is a place of employment in so far as it concerns Gimbel Brothers. If there is any uncertainty from the record about the walk being a part of this demised premises, at least the record makes it certain that the walk *adjoins* the demised premises. Gimbel's lease specifies that Gimbel "shall remove ice and snow from all sidewalks adjoining the demised premises."

On this record we find no reason to modify our previous decision.

Motion for rehearing denied with costs.