Silberman, Admr., Appellant, *v.* Dubin.

Argued March 7, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Leon M. Levy*, with him *Joseph T. McDonald*, for appellant.

*Frank M. Walsh*, for appellee.

OPINION BY HIRT, J., April 13, 1944:

Mania Silberman, wife of plaintiff, fell on an ice covered concrete sidewalk abutting defendant's premises in Scranton. She died from her injuries fourteen days later. In this action brought by plaintiff in his own right and as administrator of her estate the verdict of the jury was for $2,000 in favor of the husband. The lower court found that the testimony charged decedent with contributory negligence and, stressing the application of *Hulings et al. v. Pittsburgh et al.*, 150 Pa. Superior Ct. 338, 28 A. 2d 359, concluded that the proofs failed to establish that the injury was proximately caused by defendant's negligence. On these grounds judgment was entered for defendant n. o. v. The judgment will be reversed.

Viewing the testimony in the light most favorable to plaintiff, as we must, these facts were established: Admittedly the defendant owned the land and the injury occurred on the sidewalk abutting it. Defendant was in possession and occupied the first floor of the dwelling house on the lot as a home for herself and family; plaintiff with his wife and daughter lived in the second floor apartment under lease from defendant. In broad daylight on the morning of February 6, 1943, plaintiff's wife left the house and had walked eastwardly but a few feet when she fell on the sidewalk. In the fall she suffered a fracture of the right femur at the hip joint and she sat helpless where she fell. She was observed by the witness O'Hara who came to

her assistance. His immediate interest was to move the woman into the house with the help of others and he did not observe the condition of the whole sidewalk. O'Hara testified that "at that particular flag [section of the concrete walk where he found the woman] there were ridges of ice"; that the ridges covered "two or three flags, the flag I stood on and the flag I found the woman sitting on." "Chunks of ice accummulated on there that was quite thick [estimated by him as 'around two inches'] on those two flags ...... at that particular place there I had a hard time to hold my own footing." He also said that the walk "that leads to the house wasn't in better condition." Plaintiff's daughter who also helped her mother into the house testified that the sidewalk was "bumpy and kind of thick in spots and rough" with "little ridges ...... between an inch and a half and two inches thick" and that they "were practically all over the flags." Plaintiff's son who arrived at the scene shortly after the accident, testified that "the immediate flagstones in front of the house were hilly and rough" to a height of "an inch and a half to two inches."

In the *Hulings* case we did not intend to suggest a limitation on the law of negligence in sidewalk cases or to imply that in every case the plaintiff must identify, by direct testimony, the particular defect which caused the fall. What the case stands for is a reiteration and application of the principle that a defendant is not liable, though negligent, unless his negligence is the proximate cause of the injury. Cases involving injury on sidewalks are no exceptions to the rule. "Negligence is not a ground of recovery unless a causative factor of the accident": *Davis v. Potter et al.*, 340 Pa. 485, 17 A. 2d 338. In the *Hulings* case there was testimony of areas of uneven ice on the sidewalk (a general condition, which in itself did not impose liability on the property owner or the city, *Bailey v. Oil City et al.*, 305 Pa. 325, 157 A. 486) as well as ridges which were obstructions to safe travel.

Any line drawn between this and the *Hulings* case may be fine, but the difference between them is real. There was no testimony of obstructions on the sidewalk where Mrs. Hulings found herself after the fall. By reaching around from her position on the sidewalk she felt ridges of ice. The proofs of the existence of ridges on the sidewalk were general and from the testimony it was as probable that she slipped on a smooth, though small area of ice, as that an obstruction caused the fall. The circumstances were not sufficient to resolve the question in favor of that plaintiff, and although Mrs. Hulings appeared as a witness, she was unable to say that a ridge of ice caused the fall. Under the circumstances (as in *Kohler et ux. v. Penn Township,* 305 Pa. 330, 157 A. 681) recovery there was denied for want of proof that the injury resulted from a substantial obstruction at the place of the fall rather than from a general condition which imposed no liability. If plaintiff's case here rested on the testimony of his son and daughter it would be ruled by the *Hulings* case. The testimony of O'Hara, in our opinion, distinguished it and raised an issue for the jury. The place of fall was fixed by the wife's position on the walk; because of her injury she was unable to move. O'Hara said that the "ridges" or "chunks" of ice covered that section of the walk as well as the adjoining sections. These circumstances were sufficient to establish that an obstruction sufficient to impose liability was the cause of the fall. Moreover the statement of the wife to O'Hara as she lay helpless, that she "fell on this icy sidewalk" (admitted as part of res gestae) does not foreclose the right of recovery. She was suffering from shock and was "moaning horribly" when picked up and then lapsed into semi-consciousness. She was dead before the case came to trial with no opportunity to particularize her statement; and no direct evidence as to the cause of the fall was then available. A plaintiff may recover though

the evidence of proximate cause is wholly circumstantial, when the fact is "deducible as a reasonable inference from the facts and conditions directly proved and it cannot justily be classed as a mere conjecture or surmise or guess . . . . . . the conclusions and tests of every day experience must control the standards of legal logic": *Mars v. Phila. Rapid Transit Co.,* 303 Pa. 80, 154 A. 290. In *Williams v. Kozlowski,* 313 Pa. 219, 169 A. 148, recovery was allowed where there was ample evidence, though circumstantial, from which the jury might infer that the cause of the decedent's slipping was a defect in the construction of a driveway. In *Burns v. City of Pittsburgh,* 320 Pa. 92, 181 A. 487, it was held that a non-suit was properly entered, but with this comment: "Had plaintiff established that, in a small area, there existed holes all of which charged the city with negligence, and one of which undoubtedly caused his fall, we would be presented with other considerations." Cf. *Frazier et ux. v. Pittsburgh et al.,* 142 Pa. Superior Ct. 88, 15 A. 2d 499. Since defendant owner leased only a part of the dwelling to plaintiff she was responsible for defects in the adjoining sidewalk. *Higgins v. Polito,* 348 Pa. 152, 34 A. 2d 482.

It was broad daylight and the ridges of ice were not concealed by a covering of snow; there had been a light drizzling rain making the ice more slippery. But defendant by failing to remedy the defect could not thus immure her tenant and avoid liability for injury to the tenant on the ground of contributory negligence, merely because the danger was apparent. In view of the location of the accident—only a few feet from the walk leading into the house—there is no room for the application of the principle (*Birthisel et vir. v. Concord P. B. & L.,* 343 Pa. 194, 22 A. 2d 685) governing 'choice of ways.' Since plaintiff's wife was dead, the presumption was that she exercised due care for her safety under the circumstances (*Wickline v. Pennsylvania R. R. Co.,* 347 Pa. 136, 31 A. 2d 535) and this factual

presumption was not rebutted; there was no evidence of an alternative safe way by which the wife could have avoided injury. Defendant offered no testimony. If, as the jury found, the sidewalk could be "used with safety by the exercise of reasonable care notwithstanding its defective condition", whether the wife performed the duty required of her under the circumstances was a question for the jury. *Steck v. City of Allegheny*, 213 Pa. 573, 62 A. 1115.

The testimony is that the sidewalk had been in the same dangerous condition for three or four days before the accident. In the light of the circumstances the jury properly may have charged the defendant owner with actual notice of the dangerous condition, since she lived on the premises. In any view, the court below was justified in submitting to the jury the question whether reasonable time had elapsed to charge defendant with notice, and for the removal of the obstructions. *Goodman et al. v. Corn Ex. B. & T. Co.*, 331 Pa. 587, 200 A. 642. A shorter period will charge an owner of land with notice than is required to impose liability on a municipality. *Hulings et al. v. Pittsburgh et al.*, supra.

The two rights of action, one under the Acts of 1851 and 1855, relating to actions for wrongful death, as amended by the Act of April 1, 1937, P. L. 196, 12 PS 1602, and the other, under the survival of actions statute of July 2, 1937, P. L. 2755, 20 PS 772, were properly consolidated into one action and tried together. *Vincent, Admr. et al. v. Philadelphia et al.*, 348 Pa. 290, 35 A. 2d 65. The jury returned a substantial verdict. We are unable to say that the verdict of $2,000 is inadequate as total compensation for all elements of damage proved in this case. Plaintiff does not ask for a new trial on that ground nor contend that the trial judge failed to instruct the jury adequately as to the measure of damages on all factors involved.

Reversed and judgment is directed to be entered on the verdict, against the defendant, in the sum of $2,000.