Bowser et ux. *v.* Kuhn et ux., Appellants.

32

Argued October 1, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Glenn A. Troutman,* with him *McWilliams, Wagoner & Troutman,* for appellants.

*Samuel B. Brenner,* with him *Brenner & Brenner,* for appellees.

OPINION BY ROSS, J., December 11, 1946:

Plaintiffs, husband and wife, recovered verdicts against the defendants for injuries sustained by the wife plaintiff when she fell on the ice and snow-covered sidewalk of a property owned and occupied by the defendants. The lower court refused defendants' motion for judgment n. o. v., and this appeal was taken.

Appellants contend that the record does not show that their negligence was the causative factor of the wife plaintiff's injuries and that she was guilty of contributory negligence. In deciding both contentions we must read the testimony in the light most advantageous to the appellees, all conflicts therein being resolved in their favor, and they must be given the benefit of every fact and inference of fact, pertaining to the issues involved which may reasonably be deduced from the evidence. *Canfield v. Philadelphia,* 134 Pa. Superior Ct. 590, 4 A. 2d 605.

The wife plaintiff, herein called plaintiff, on January 31, 1945, at about 7:30 a.m. Eastern War Time,

was walking along Johnson Street in the City of Philadelphia and fell on the sidewalk of defendants' property, breaking her right ankle and sustaining other injuries. She was going to her work and had gone the same way to her work each morning for about a year prior to January 31. It was very cold and the streets and pavements were icy and slippery. The sidewalks in front of other properties were slippery but had been cleaned whereas the sidewalk of defendants' property had not been cleaned "at any time during the winter", and was covered with "ridges and rough ice". After she walked about ten feet on the "ridges and rough ice" she "heard an awful snap and I broke my ankle".

Proof of injury alone or of negligence of a defendant without proof that the negligence caused the injury cannot establish liability, and cases involving injury on sidewalks are no exception. *Burns v. City of Pittsburgh*, 320 Pa. 92, 181 A. 487; *Silberman, Admr., v. Dubin*, 155 Pa. Superior Ct. 3, 36 A. 2d 854.

Responsibility for the sidewalk in front of defendants' property was upon them. There was no absolute duty on them to keep it free from snow and ice at all times but there was a duty to act within a reasonable time to remove it if the sidewalk was in a dangerous condition. *Whitton v. H. A. Gable Co.*, 331 Pa. 429, 200 A. 644. The evidence shows that they had not cleaned their sidewalk "at any time during the winter" and that the accumulation of ice and snow had remained for several weeks. If the jury believed that the sidewalk's condition was the proximate cause of the plaintiff's fall and injury, the defendants' negligence would be the causative factor upon which recovery may be predicated.

The cases of *Harrison et vir v. Pittsburgh et al.*, 353 Pa. 22, 44 A. 2d 273, and *Hulings et al. v. Pittsburgh et al.*, 150 Pa. Superior Ct. 338, 28 A. 2d 359, relied upon by appellants, are distinguishable from the facts in this case. In the *Harrison* case, the plaintiff "slipped off something higher than what the sidewalk was". This

"something" was later identified as a manhole cover which was approximately two inches higher at the highest point. The plaintiff did not allege or testify that the elevation of the cover caused her fall. The Supreme Court held that the case was governed by the decision in *Davis v. Potter*, 340 Pa. 485, 17 A. 2d 338, and applied to it what Mr. Justice HORACE STERN said in the *Davis* case at page 487, "What she complains of is the slight elevation of part of the sidewalk, but she did not stumble or trip over it and whether it was actually the cause of her fall is far from clear. Negligence is not a ground of recovery unless a causative factor of the accident".

In the *Hulings* case, the sidewalk was slippery and there were ridges of ice but the plaintiff did not testify that a ridge or ridges of ice caused her to fall. When asked: "And what caused you to fall?" she said: "Well, my feet slipped on the ice." This court, speaking through Judge HIRT, stated: "If she fell on the smooth surface of ice on the sidewalk there can be no recovery and she does not say that a ridge of ice caused the fall." Cf. discussion of the *Hulings* case in *Silberman, Admr. v. Dubin*, 155 Pa. Superior Ct. 3, 36 A. 2d 854, supra.

In the instant case, the plaintiff positively testified as to the cause of her injuries. She testified, "When I stepped into the ridges I heard my ankle pop and down I went." She has sufficiently identified the accumulation of snow and ice as the causative factor of the accident.

The question of plaintiff's contributory negligence is to be determined by the facts in the case and cannot be treated as one of law unless the facts and inferences are free from doubt. If there is doubt as to either, the case is for the jury. *Schaut v. Boro. of St. Marys*, 141 Pa. Superior Ct. 388, 14 A. 2d 583. The plaintiff is not bound affirmatively to disprove negligence. It was sufficient for her to make out a case of injury from negligence of the defendant without disclosing negligence on her own part. *Brown v. White*, 206 Pa. 106, 55 A. 848. The

verdict in her favor is a finding that defendants were negligent and that she was free from contributory negligence. *Weismiller v. Farrell,* 153 Pa. Superior Ct. 366, 34 A. 2d 45. Contributory negligence will be judicially declared only in a case where fair and reasonable minds could not disagree as to its existence. *Rea v. Pittsburgh Railways Co.,* 344 Pa. 421, 25 A. 2d 730; *Brady v. Philadelphia,* 156 Pa. Superior Ct. 607, 41 A. 2d 355.

In this case although the plaintiff had passed over this particular walk many times before, it was for the jury to decide whether it was evidential of prudent thought and action for her to do it the morning of the accident. *Brown v. White,* 206 Pa. 106, 55 A. 848, supra. She testified that she "tried to pick my way, walking closer to the lawn"; that "day was breaking". At 7:30 a.m., Eastern War Time, in January, the obstructions might be barely, if at all, discernible. It was in evidence that a generally slippery condition existed in the entire area and, consequently, it would have been impossible for the plaintiff to avoid some risk in getting to her place of work, and whether she was negligent in selecting and using the route she did was a question of fact for the jury. *Bockstoce v. Pittsburgh Railways Co.,* 159 Pa. Superior Ct. 237, 48 A. 2d 126.

Judgments affirmed.