Clamper et vir *v.* Novack et ux., Appellants.

Argued September 30, 1949.  Before RHÒDES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Glenn A. Troutman,* with him *McWilliams, Wagoner & Troutman,* for appellants.

*Harry R. Kozart,* for appellees.

OPINION BY HIRT, J., November 15, 1949:

Plaintiff, Shirley Clamper, fell upon an icy sidewalk abutting defendants' property on Cumberland Street in Philadelphia and suffered a serious knee injury. In this action the jury found in her favor and in a second verdict awarded damages to her husband who appeared with her as a plaintiff to the action. Defendants have appealed from the refusal of the lower court to enter judgments in their favor n. o. v. Their principal contention is that the testimony does not definitely establish that any of the ridges of ice, concededly on the pavement at the time of the injury, caused the fall. The judgments entered on the verdicts will be affirmed.

Defendants do not seriously contend that they are absolved from the charge of negligence, nor could they, in the light of the verdict. A narrow pathway had been cleared along the center of the sidewalk in front of defendants' building, occupied by them as a residence and meat market, but the path ended at a garage on their property immediately west of that building. In front of the garage, to the west line of defendants' land at the time of the injury, there were humps or ridges of ice on the pavement covered with an inch of snow which had fallen the night before. The ridges of ice on the sidewalk were caused by the freezing of surface water which had drained from an alley abutting defendants' west line, on to the sidewalk in front of the garage. With ample notice of the dangerous condition, defendants nevertheless had done nothing to make the sidewalk safe for travel prior to the injury in this case; they accordingly were negligent in failing to remove the obstructions caused by the accumulation of ice, within a reasonable time. *Bowser et ux. v. Kuhn et ux.*, 160 Pa. Superior Ct. 31, 49 A. 2d 852.

About noon on a clear February day the wife-plaintiff walked westwardly along the above path to its end, and then as she proceeded on to the snow covered pavement

she slipped; her "foot stumbled against something" and she fell forward. Unlike some plaintiffs she did not attempt to state the cause of her fall in the exact language of our appellate decisions. But her testimony is sufficient to establish that it was a "ridge" of ice that caused her fall and not a slipping on the smooth ice under the snow, a condition which may have prevailed generally. When asked what caused her to stumble she said "it was the ice that my foot stumbled against when my foot slipped. I just stumbled right against it". And further, when asked whether her "feet went out" from the slipping she said: "No, I slipped and my foot struck against something and *it* threw me forward and I landed on my knee". (Emphasis added.) The "something" which caused the fall, she identified as one of the ridges of ice which she observed as she sat on the sidewalk at the place where she fell. She said: "I sat there. I couldn't get up, and I looked and I saw this ice that was there that I had stumbled against, my foot had stumbled when I fell".

Thus as in *Keiser v. P. T. C.*, 356 Pa. 366, 51 A. 2d 715, a causal connection was established between ridges of ice on the sidewalk and the fall which resulted in the injury of the wife-plaintiff. And under the circumstances, as in the *Keiser* case, it is unimportant that she did not identify a particular ridge of ice as the cause of the fall. Cf. *Silberman, Admr., v. Dubin*, 155 Pa. Superior Ct. 3, 36 A. 2d 854; *Burns v. City of Pittsburgh*, 320 Pa. 92, 181 A. 487. *Moscon v. Philadelphia et al.*, 147 Pa. Superior Ct. 251, 24 A. 2d 30, presented a similar factual background. There the sidewalk was covered with ice which was "lumpy and in ridges" and the plaintiff fell when her foot came in contact with a large snow covered lump or ridge of ice. Although the particular lump or ridge of ice which caused the fall was not identified, we held that the evidence was sufficient to support recovery.

*Knepper v. Tamaqua Boro,* 36 Pa. Superior Ct. 183, on which defendants strongly rely distinguishes itself on its facts. In that case the plaintiff was injured by falling upon a crossing plate which extended above the level of the pavement. She could not state what caused her fall but it was clear from her testimony that she was in the act of falling when her foot struck the plate. Here, on the contrary, it was a fair inference for the jury that the present wife-plaintiff would not have lost her balance and fallen if she had not stumbled over a ridge of ice on the sidewalk.

There is no merit in defendants' additional contention that both plaintiffs are barred by the contributory negligence of the wife. She testified that she "walked cautiously" and "There was no other way for me to get home". The ridges of ice were not discernible because covered with snow. The principle has been reiterated frequently that contributory negligence may be declared judicially only where it so clearly appears "that fair and reasonable individuals could not disagree as to its existence". *Martino v. Adourian,* 360 Pa. 580, 63 A. 2d 12. In any view it cannot be said that the question of contributory negligence under the facts and fair inferences from the testimony in this case is free from doubt. The question therefore was wholly for the jury. *Bowser et ux. v. Kuhn et ux.,* supra.

Judgments affirmed.