## Rinaldi *v.* Levine, Appellant.

Argued November 14, 1961. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*Michael A. Foley,* for appellants.

*Hugh M. Odza,* with him *David Cohen,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, January 2, 1962:

Fred Rinaldi (Rinaldi), en route to his home at approximately 11:15 p.m. on January 15, 1957, fell on a sidewalk owned and maintained by Dr. Milton Levine and his wife, Ruth Levine (Levines); and situated at the southeast corner of 27th and Tasker Streets, Philadelphia. Alleging that his fall and the ensuing injuries

were caused by hills and ridges of ice which had been permitted to accumulate on the sidewalk through Levines' negligence, Rinaldi instituted a trespass action against Levines in Court of Common Pleas No. 5 of Philadelphia. After a trial before Judge JOSEPH SLOANE and a jury, Rinaldi obtained a verdict of $10,000 against Levines. Levines' motions for judgment n.o.v. and a new trial were denied and judgment was entered on the verdict. From the entry of that judgment, this appeal was taken.

This appeal presents two issues: (1) should the court below have entered judgment n.o.v.? (2) if not, should a new trial have been granted?

Resolution of the first issue depends upon an examination of the record to ascertain whether there was sufficient evidence to impale Levines with negligent conduct. In such examination and evaluation of this record we are bound, under our long established and salutary rule, to consider the evidence and all reasonable inferences arising therefrom in the light most favorable to Rinaldi: *Ason v. Leonhart*, 402 Pa. 312, 165 A. 2d 625; *Henderson v. Zubik*, 390 Pa. 521, 136 A. 2d 124.[1]

Rinaldi testified that, on the evening of the day prior to the accident—January 14, 1957—as he was returning home from work, he noticed that the sidewalk on the 27th Street side of Levines' premises had not been cleared of snow. Jay Snyderman, a witness for Rinaldi, testified that, about eight or nine hours prior to the accident—between 2:00 p.m. and 3:00 p.m.—, "that particular pavement, on that side of Tasker Street, and completely around the corner, was very hilly and lumpy and icy all the way around the whole

---

[1] Levines presented testimony that Rinaldi fell not upon the sidewalk but upon the street or cartway. For the purposes of this portion of the appeal we must treat the fall as having occurred on the sidewalk.

property", that it "looked like it hadn't been cleaned at all", that it "was particularly icy there" (at the corner of 27th Street), that "the pavement right in front of the office was extremely hilly and lumpy and very treacherous" and that he almost slipped. Such was the testimony as to the condition of the sidewalk prior to the accident.

As to the exact manner of the happening of the accident, Rinaldi was the sole witness. According to Rinaldi, he alighted from a trackless trolley bus at 27th and Tasker Streets at about 11:15 p.m. and it was then snowing; he noted as he went upon the curb at the southeast corner "All fresh snow there"; when in front of the entrance to the office (Dr. Levine's office) he *"could feel my leg step on a piece of ice there, a ridge of ice, or something"*; he twisted his leg and went over on his hip; he described the condition of the ground where he fell as being "bumps here, bumps there, right in front of where I fell"; he noted that it was a "clean sheet of snow. And different places you could see where it had been tramped on, and it was rather hard there". Rinaldi made no attempt to describe, as to size and character, either the "bumps", "the piece of ice" or the "ridge of ice" and, under his own testimony, he stepped *either* on a "piece of ice" *or* "a ridge of ice" *or* "something".

The official records of the Weather Bureau indicated that snow had fallen from the evening of January 13 until approximately 8:00 a.m. on January 14 and that it started to snow again between 4:00 and 5:00 p.m. on January 15 and continued to snow until after the accident.

In Pennsylvania, an abutting property owner is *primarily* liable for the removal of ice and snow upon the sidewalk: *Solinsky v. Wilkes-Barre,* 375 Pa. 87, 93, 99 A. 2d 570; *Vinnacombe v. Philadelphia and American Stores Co.,* 297 Pa. 564, 147 A. 826; *Beebe v. Phil-*

*adelphia,* 312 Pa. 214, 216, 167 A. 570. However the law, wisely, does not require that such abutting owner keep the sidewalk free from snow and ice at all times: to hold otherwise would require the impossible in view of the climatic conditions. *Whitton v. H. A. Gable Co.,* 331 Pa. 429, 431, 200 A. 2d 644, clearly expresses the quantum of duty imposed on the abutting owner: "There is no absolute duty on the part of a landowner to keep his premises and sidewalks free from snow and ice at all times. These formations are natural phenomena incidental to our climate. See Goodman v. Corn Exchange National Bank & Trust Co. et al., 331 Pa. 587; Thomas v. City of New Castle, 96 Pa. Superior Ct. 251, 253; Bailey v. Oil City et al., 305 Pa. 325, 328; Kohler et ux. v. Penn Township, 305 Pa. 330, 332; Beebe et al. v. Philadelphia, 312 Pa. 214. Snow and ice upon a pavement create merely transient danger and the only duty upon the property owner or tenant is to act within a reasonable time after notice to remove it when it is in a dangerous condition. See Philadelphia v. Bergdoll, 252 Pa. 545, 551; Goodman v. Corn Exchange National Bank & Trust Co. et al., supra. There is no liability created by a general slippery condition on sidewalks. It must appear that there were dangerous conditions due to ridges or elevations which were allowed to remain for an unreasonable length of time, or were created by defendant's antecedent negligence." See also: *Ross v. Penna. R. R. Co.,* 355 Pa. 119, 121, 49 A. 2d 370; *Bowser v. Kuhn,* 160 Pa. Superior Ct. 31, 33, 49 A. 2d 852.

Where a property owner is charged with negligence in permitting the accumulation of snow or ice on his sidewalk, the proof necessary to sustain such a charge has been clearly defined by our decisional law. It is encumbent upon a plaintiff in such situation to prove: (1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character

as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; and (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall. Absent proof of *all* such facts, plaintiff has no basis for recovery. See: *Miller v. City Ice and Fuel Co.*, 363 Pa. 182, 184, 69 A. 2d 140; *Milburn v. Knights of Columbus Home Association*, 167 Pa. Superior Ct. 509, 511, 76 A. 2d 466.

Moreover, the burden is upon a plaintiff to prove not only that there was an accumulation of snow and ice on the sidewalk but that such accumulation, whether in the form of ridges or other elevations, was of such size and character to constitute a substantial obstruction to travel. A mere uneven surface caused by persons walking on the snow and ice as it freezes will not constitute such an obstruction to travel. In *Kohler v. Penn Township*, 305 Pa. 330, 332, 157 A. 681 (involving liability of a municipality rather than an abutting owner), the general principle is well expressed: "It is also true that ice when in the process of formation or when softened by a rise in the temperature will show footprints of the pedestrians who walk thereon and thereby its surface will become uneven and rough. This is characteristic of all walks and is as impossible to prevent as is the presence of the ice. . . . Of course, where ice is suffered to remain upon a walk in substantial ridges that constitute an obstruction to travel, the municipality may be liable. *The ridge must be shown to be of such substantial size and character as to be a danger to the public, not a mere uneven surface caused by walking upon the ice. The proof must describe the alleged ridge as to size and character and be such as to support a finding that it was a substantial obstruction to travel. Plaintiff does not meet the burden of proof by showing such surface, even though a witness may re-*

*fer to it as consisting of little ridges or bumps. . . ."* (Emphasis supplied). See also: *Zieg v. Pittsburgh,* 348 Pa. 155, 158, 34 A. 2d 511, and cases therein cited.

In the instant factual situation, Rinaldi has failed to sustain his burden of proof in two respects: (1) he presented no evidence of either the size or the character of any ridge or other elevation of snow or ice on this sidewalk and (2) he failed to establish a causal connection between any improper accumulation of snow or ice and his fall.

All that Rinaldi proved was that the sidewalk was icy and, in places, "bumpy", "lumpy" or "hilly" and covered at the time of the accident with a layer of freshly fallen snow. The record is void of any evidence of the size or character of the ridges, bumps, lumps, hills or other elevations of the snow or ice such as would constitute an obstruction or danger to the travelling public. In short, his proof merely demonstrated an unevenness of the surface of the snow and ice such as would result from persons walking over the snow on the sidewalk; such proof is not proof of negligence.

Another serious defect in Rinaldi's case is his inability to state *what* caused him to fall. Under his own testimony *either* "a piece of ice" *or* "a ridge of ice" *or* "something" caused him to slip and fall; if Rinaldi does not know *what* caused his fall, then only by conjecture and guesswork could a jury find *what* caused him to fall. In *Sellers v. Cline,* 160 Pa. Superior Ct. 85, 86, 49 A. 2d 873, it was said: "It would appear, therefore, that in order to recover against the defendant the plaintiffs are obliged to prove not only evidence of a dangerous condition in the form of hills and ridges, but must show that the dangerous obstructions on the sidewalk were the actual cause of the fall". See also: *Zieg v. Pittsburgh,* supra, p. 157; *Miller v. City Ice and Fuel Co.,* supra, p. 184; *Hillelson v. Renner,* 183 Pa. Superior Ct. 148, 130 A. 2d 212. In *Hulings*

*v. Pittsburgh,* 150 Pa. Superior Ct. 338, 28 A. 2d 359, there was testimony of areas of uneven ice on the sidewalk as well as ridges which were obstructions to safe travel but the plaintiff, as Rinaldi, did not testify that she was caused to fall by a ridge or ridges of ice and, by reason thereof, a judgment n.o.v. was entered. Cf: *Silberman v. Dubin,* 155 Pa. Superior Ct. 3, 36 A. 2d 854, and *Bowser v. Kuhn,* supra, 160 Pa. Superior Ct. 31, 49 A. 2d 852, where recovery was allowed because the plaintiffs were able to establish a causal connection between the ridges of ice and the fall. Under Rinaldi's proof any finding that his fall resulted from stepping on a ridge or elevation of ice would be a mere guess and conjecture.

In this area of the law our decisional law has very clearly defined the quantity and quality of proof required to establish actionable negligence. Such proof was wholly lacking in the instant situation and judgment n.o.v. should have been entered.

In view of the conclusion reached, it is unnecessary to consider the motion for a new trial.

Judgment reversed and judgment n.o.v. directed to be entered.