Opinion by
 

 Ervin, J.,
 

 In this action of trespass tried before President Judge Hoban, without a jury, an award of damages
 
 *462
 
 for personal injuries in the sum of $6,000.70 was made in favor of the plaintiff.
 

 Plaintiff-appellee, Norma Schoen, a woman 75 years of age, slipped and fell on the icy sidewalk in front of the property of Florence Youshock, defendant-appellant, on December 18, 1961. When Mrs. Schoen awakened that morning she noticed that the streets outside of her home were very icy and that this condition had come about since the previous day. She had an appointment at appellant’s beauty salon and she called the appellant at nine o’clock in the morning and related her conversation as follows: “A. Yes. I called Florence on the phone at 9 o’clock in the morning. Q. And did you talk to Florence? A. I talked with Helen first and then later with Florence. Q. And would you tell us what your conversation was with Florence on that phone conversation, Mrs. Schoen? A. With Florence? Well, I had told Helen that I would not be able to come down because of the dangerous walking, it was so icy, and I asked her if I could have an appointment later, later in the week. Then Florence came to the phone and told me that she wouldn’t be able to give me the appointment. So I — let’s see — well, she wouldn’t be able to give me the appointment. So I asked her then if she could take me when I came down, and she said she would; even if I were a little late, she would fill me in, that is, work me in. But she said that she didn’t think that — she said,
 
 ‘I
 
 don’t think that you need to worry, Mrs. Schoen, at all about the walking. Helen came and she was all right.’ And so I said then that I would come.”
 

 Shortly thereafter Mrs. Schoen left her home and just missed a bus. She then hesitated to continue on because she realized that it was a bad day for walking and then decided to walk on to the beauty salon, which was approximately four and one-half blocks from her home. It is undisputed that the
 
 condition of the gen
 
 
 *463
 
 eral area at that time was that of a glaze of ice and Dr. Lohmann, a witness for Mrs. Schoen, testified that there was a freezing rain that morning which was continuing when he came to treat Mrs. Schoen immediately after the happening of the accident. The doctor further testified that “it was hazardous for anybody that morning.”
 

 There was no proof of any ridges, elevations or ruts on the defendant’s sidewalk and the owner could not have had a reasonable opportunity to remove the sheet or glaze of ice because of the existence of the storm at the time of the happening of the accident. There is no liability created by a general slippery condition on sidewalks:
 
 Whitton v. H. A. Gable
 
 Co. 331 Pa. 429, 431, 200 A. 644;
 
 Rinaldi v. Levine,
 
 406 Pa. 74, 78, 176 A. 2d 623. The court below, however, concluded that there was liability in this case because of §310, Eestatement, Torts, which is as follows: “An actor who makes a misrepresentation of fact or law is subject to liability to another for bodily harm which results from an act done by the other or a third person in reliance upon the truth of the representation, if the actor (a) intends his statement to induce or should realize that it is likely to induce action by the other or a third person which involves an unreasonable risk of bodily harm to the other, and (b) knows (i) that the statement is false, or (ii) that he has not the knowledge which he professes.”
 

 We are of the opinion that §310 is not applicable to this case because there was no misrepresentation of fact or law made by the defendant to the plaintiff. The only statement of fact made was that “Helen came and she was all right.” This was a fact which the plaintiff failed to disprove. At most the defendant was merely expressing an opinion that she didn’t think Mrs. Schoen had to worry about the walking. There is no proof in this case of any negligence on the part of the
 
 *464
 
 defendant. On the contrary, it is crystal clear that the plaintiff was testing a known danger and that she was contribntorily negligent. She knew about the general icy condition before venturing out of her house. She first decided, because of this condition, to cancel her appointment at the beauty salon. After having cancelled that engagement, she then decided to try to get a time later on in the day. She then asked the defendant whether she could be taken later on that day and when advised that she could be, she determined to make the trip. After missing the bus, she had another decision to make. Should she go back into her house or should she continue on the journey of four or five blocks to the beauty salon. At this time she was fully aware of the general icy condition. She determined to go on. It was necessary for her to travel in the street for quite a bit of the distance in order to avoid the icy sidewalks and travel where there was a rougher surface. When she got to the edge of the defendant’s sidewalk, she noticed the general icy condition thereon. She again determined to test the danger of traveling across that sidewalk. In so doing, she slipped and fell and received the injuries complained of in this case. If there ever was a case in which a person was testing a known danger, this is it. To allow recovery in this case would be permitting the law of negligence to reach an absurdity.
 

 Judgment reversed.