CULPEPPER, Judge
(dissenting).
The trial judge found “ * * * the conclusion is inescapable that the entranceway to the House of Fashion was a negligently maintained hazard at the time Mrs. Miller attempted to use it. * * * ” He then held Mrs. Miller contributorily negligent and denied recovery on that grounds. The majority decision in this court has held the beauty shop operator was not guilty of negligence, and hence found it unnecessary to discuss the contributory negligence of Mrs. Miller.
I think the trial judge was clearly correct in finding the beauty shop operator negligent. Apparently there are no reported Louisiana cases dealing with ice and snow on the entranceway to a business establishment. But, in those states where this condition frequently occurs it has been generally held that ice on an entranceway does create a hazard, which condition constitutes negligence on the part of a business proprietor when he fails to correct the condition within a reasonable time after constructive or actual notice of the hazard. For instance, in the case of Milburn v. Knights of Columbus Home Association, 167 Pa.Super. 509, 76 A.2d 466 (1950), the Supreme Court of Pennsylvania held: “There is no absolute duty on the part of an owner to keep his premises and sidewalks free from snow and ice at all times ; his only duty is to remove the accumulation within a reasonable time after notice of the dangerous condition. * * * ” See also Silberman v. Dubin, 155 Pa.Super. 3, 36 A.2d 854; Great Atlantic & Pacific Tea Co. v. Chapman, 72 F.2d 112; Robelen Piano Co. v. Di Fonzo, 169 A.2d 240 (1961 Del.); Schallinger v. Great Atlantic & Pacific Tea Co., 334 Mass. 386, 135 N.E.2d 655 (1956); Werner v. Gimbel Bros., Inc., 8 Wis.2d 491, 99 N.W.2d 491, 99 N.W.2d 708 (1959); Watts v. Rhodes, 325 Mass. 697, 91 N.E.2d 925; Annotation in 81 A.L.R.2d 750, Secs. 4, 5, 7-9. As is stated in 81 A.L.R.2d 776, Sec. 7, the general theory of these cases is the familiar principle of negligence law that *685 the occupant of a building has superior knowledge, or means of obtaining knowledge, concerning the danger. Having this superior knowledge he is under a duty to protect his business invitees against a hazard which might foreseeably cause injury to a person using reasonable care.
In the present case, this ice and snow had been on the walkway for almost four days. The manager of the beauty shop himself had slipped and fallen there. Defendant unquestionably had notice of the dangerous condition. He also had time to remove the dangerous condition. The manager made a feeble attempt to clean off the steps by pouring hot water on them and trying to chip the ice. Can we excuse the manager’s failure to protect his customers by simply saying that he didn’t know what to do or that it was too difficult? Actually, it would have been very easy to correct this condition by placing ashes, sand or salt on the walkway.
In my view, the only serious question in this case is whether Mrs. Miller was con-tributorily negligent. I have concluded that under all of the circumstances she was not. In the recent case of Richard v. General Fire & Casualty Ins. Co., 155 So.2d 676 (3rd Cir. La.App.1963) we stated the applicable general rule that contributory negligence is conduct which under the circumstances falls below the standard to which the plaintiff is required to conform for his own protection. Also, contributory negligence is an affirmative defense which the defendant must prove by a preponderance of the evidence. We quoted with approval 65 C.J.S. Verbo Negligence, § 50, p. 545 as follows:
“ ‘However, even though the invitee has knowledge of the danger, or the defect is obvious, the duty of the owner or occupant to use reasonable care to keep the premises reasonably safe for invitees remains, and it runs concurrently with the duty of the invitee to protect himself, so that, where the invitee does not fully appreciate the danger or is without fault, the owner or occupant may be held liable for the injury.’ ”
In the present case, defendant called no witnesses whatever to testify as to the condition of the walk or the manner in which Mrs. Miller traversed the same. There is no testimony that Mrs. Miller walked in a manner other than that of a reasonable person under the circumstances. She testified she knew the entranceway was slippery and walked as carefully as she could. The only possible negligence on' the part of Mrs. Miller was her initial decision to walk across the ice and snow.
Defendant contends Mrs. Miller knew the entranceway was slippery and “decided to take her chances”, and this constituted negligence on her part. I am unable to agree the problem is this simple. The courts of other states have almost universally held that it is not negligence per se, as a matter of law, to knowingly walk across ice. See the annotation in 81 A.L.R.2d 782-785, Sec. 9. Counsel for plaintiff has cited several cases where the trier of fact decided such conduct was not negligence under the circumstances. Siberman v. Dubin, 155 Pa.Super. 3, 36 A.2d 854; Great Atlantic & Pacific Tea Co. v. Chapman, 72 F.2d 112; Gaitskill v. United States, D.C.Kan., 129 F.Supp. 621.
I think that under all of the circumstances of this case Mrs. Miller acted just as any other ordinary, reasonable woman, going to the beauty shop, would have acted. She drove up to the front of the shop for the appointment which she had previously made; she saw the entranceway was covered with ice and snow; she saw this was the only way to enter the shop; she saw the shop was open and others had used the walk; she saw that the operator was inviting her to walk across this entranceway and, in effect, saying to her that this walkway was reasonably safe. It is true she knew the walkway was slippery, but she certainly did not think that if she attempted to walk across it she would fall and receive serious and permanently disabling injuries. *686 There is no evidence she did not use reasonable care in the manner she walked. Under these circumstances I do not think the defendant has proved contributory negligence. I think the sole fault lies with the operator of the shop who, with full knowledge that the walkway was dangerously slippery, allowed this condition to remain for almost four days without doing anything about it, and who induced Mrs. Miller, a business invitee, to traverse this hazardous condition in order to keep her beauty shop appointment.
For the reasons assigned, I respectfully dissent.