Antonucci, Appellant, *v.* Sun Oil Company.

Argued November 11, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Henry J. Albaugh,* with him *Neish and Albaugh,* for appellant.

*Harold F. Reed, Jr.,* with him *Robert L. Orr,* and *Reed, Orr & Reed,* for appellee.

OPINION PER CURIAM, December 16, 1965:
The six judges who heard the argument of this appeal being equally divided in opinion, the judgment of the court below is affirmed.

––––––––––

OPINION BY WATKINS, J., supporting the affirmance:
In this action to recover damages for personal injuries by the plaintiff-appellant, Albert F. Antonucci, against the Sun Oil Company, the defendant-appellee and the Borough of Rochester, Pennsylvania, a verdict was rendered by a jury in favor of the plaintiff and against the defendant, Sun Oil Company, in the amount of Six Thousand ($6000) Dollars and in favor of the defendant Borough. The court below, after argument on defendant's motions for a new trial and judgment n.o.v. directed judgment to be entered n.o.v. in favor of the defendant. This appeal followed.

The evidence read in the light most favorable to the plaintiff discloses that the snow and ice was accumu-

lated on the defendant's property for two weeks or more. There is no question that notice was brought home to the defendant both actually and constructively, that both snow and ice had accumulated on its property. There was also evidence that it was slippery and that he fell on the defendant's property; and that after he fell he was sitting on ridges of ice. No description as to the length, width, heighth or depth of these ridges and ruts was given. As to the cause of his fall the testimony is as follows: "Q. What caused you to fall? A. I slipped. Q. What did you slip upon? A. The ice, the snow. Q. Anything else? A. The packed ice and snow. Q. Any particular part of the ice, or just the ice in general? A. Just the ice in general. Q. Nothing specific about the ice in the area where you fell that made you fall? A. Nothing, that I know of."

The law in Pennsylvania is that the abutting owner is primarily liable for the removal of ice and snow upon the sidewalk but he is not required to keep the sidewalk free from snow and ice at all times. There is no absolute duty on the part of a landowner to keep his sidewalk free from ice and snow at all times; liability is based upon dangerous conditions due to ridges or elevations which are allowed to remain for an unreasonable length of time. *Rinaldi v. Levine,* 406 Pa. 74, 176 A. 2d 623 (1962). The Supreme Court said in this case, at page 78: "Where a property owner is charged with negligence in permitting the accumulation of snow or ice on his sidewalk, the proof necessary to sustain such a charge has been clearly defined by our decisional law. It is encumbent upon a plaintiff in such situation to prove: (1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or

constructive, of the existence of such condition; and (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall. Absent proof of all such facts, plaintiff has no basis for recovery. See: Miller v. City Ice and Fuel Co., 363 Pa. 182, 184, 69 A. 2d 140; Milburn v. Knights of Columbus Home Association, 167 Pa. Superior Ct. 509, 511, 76 A. 2d 466."

Frozen ridges may constitute an obstruction to travel but ". . . The ridge must be shown to be of such substantial size and character as to be a danger to the public, not a mere uneven surface caused by walking upon the ice. The proof must describe the alleged ridge as to size and character and be such as to support a finding that it was a substantial obstruction to travel. Plaintiff does not meet the burden of proof by showing such surface, even though a witness may refer to it as consisting of little ridges or bumps . . .". *Kohler v. Penn Township*, 305 Pa. 330, 332, 157 A. 681 (1931).

In *Sellers v. Cline*, 160 Pa. Superior Ct. 85, 49 A. 2d 873 (1946), this Court said: ". . . in order to recover against the defendant the plaintiffs are obliged to prove not only evidence of a dangerous condition in the form of hills and ridges, but must show that the dangerous obstructions on the sidewalk were the actual cause of the fall." See also: *Hulings v. Pittsburgh*, 150 Pa. Superior Ct. 338, 28 A. 2d 359 (1942).

In the *Rinaldi* case, supra, at page 80, the Supreme Court reversed the judgment and directed the entry of judgment n.o.v. on the ground that he had failed to sustain his burden in two respects: "(1) he presented no evidence of either the size or the character of any ridge or other elevation of snow or ice on this sidewalk and (2) he failed to establish a causal connection between any improper accumulation of snow or ice and his fall." The instant case is clearly governed by the Supreme Court's decision in the *Rinaldi* case, supra. See also: *Puskarich v. Trustees of Zembo Temple*, 412 Pa. 313,

194 A. 2d 208 (1963); *Dubois v. Wilkes-Barre,* 410 Pa. 155, 189 A. 2d 166 (1963); *Lascoskie v. Berks Co. Tr. Co.,* 417 Pa. 53, 208 A. 2d 463 (1965); *Schoen v. You-shock,* 202 Pa. Superior Ct. 460, 198 A. 2d 437 (1964).

As Judge REED said in his opinion: "Plaintiff was not asked nor did he testify on direct examination as to the cause of his fall. On cross-examination he testified that the cause of his fall was 'I slipped and fell upon the ice.' 'I slipped . . . upon the ice, the snow.' Again, when asked 'Any particular part of the ice, or just the ice in general?' He answerd, 'Just the ice in general.' And again, when asked 'Nothing specific about the ice in the area where you fell that made you fall?' He answered, 'Nothing, that I know of.' From all of the plaintiff's evidence while it appears there were rutted frozen tire marks in the sidewalk or driveway there is no evidence that this caused the plaintiff to fall. To the contrary plaintiff himself said 'I slipped on the ice and snow and this caused my fall.' While plaintiff did testify that after the fall he was sitting on ridges of ice he did not testify that the ridge of ice caused his fall. He says only that he slipped and fell. As was said in the Hulings case, the fact that he was sitting on a ridge of ice when he fell does not establish circumstantially that this was the cause of the fall. Bowser v. Kuhn, 160 Pa. Superior Ct. 31 and Silberman v. Dubin, 155 Pa. Superior Ct. 3, are readily distinguishable from the instant case for the reason that in those cases plaintiffs were able to establish a causal connection between the ridges of ice and the fall."

I would, therefore, affirm the judgment of the court below.

ERVIN, P. J., and JACOBS, J., join in this opinion.

———

DISSENTING OPINION BY WRIGHT, J.:

This record discloses a flagrant disregard by appellee of its responsibility to the traveling public. While

there is no absolute duty on the part of a property owner to keep sidewalks free from snow and ice at all times, there is definitely a duty to act within a reasonable time after notice of a dangerous condition: *Whitton v. H. A. Gable Co.*, 331 Pa. 429, 200 A. 644. The duty as to sidewalks exists in a higher degree than in the case of streets: *Imhoff v. Pittsburgh*, 202 Pa. Superior Ct. 232, 195 A. 2d 862. Viewing the evidence in the case at bar in the light most favorable to the plaintiff who has the verdict, *Charles v. LaRue*, 205 Pa. Superior Ct. 88, 208 A. 2d 31, the following factual situation appears:

Appellee was the owner of a gas station located at the southwest corner of Rhode Island Avenue and West Washington Street in the Borough of Rochester, Beaver County. This station had been closed for a considerable length of time. On the morning of February 14, 1962, appellant was walking in an easterly direction along the sidewalk on the south side of West Washington Street. Other sidewalks in the area were cleared of snow. Appellee's sidewalk was a "glare of ice", with frozen ruts and ridges caused by tire marks of cars customarily parked in the vacant station. A witness testified that this condition had existed the "whole winter" long, and had been completely ignored by appellee. Aside from constructive notice, a representative of appellee was given personal notice of the danger. Still nothing was done. Appellant was proceeding "cautiously", but nevertheless "slipped and fell upon the ice". He ended up "sitting on these ridges of ice" with a broken leg.

The only case cited in appellee's brief is *Rinaldi v. Levine*, 406 Pa. 74, 176 A. 2d 623. This case is also relied upon in the opinion supporting the affirmance. However, the factual situation in the *Rinaldi* case differs materially from that in the case at bar. There can be no question on the instant record that appellee was

grossly negligent, and that it was the dangerous accumulation of snow and ice which caused appellant to fall. This was an inference reasonably drawn by the jury from the facts and conditions directly proved. Cf. *Silberman v. Dubin,* 155 Pa. Superior Ct. 3, 36 A. 2d 854; *Bowser v. Kuhn,* 160 Pa. Superior Ct. 31, 49 A. 2d 852. It was unnecessary for appellant to identify the particular ridge which may have caused his fall: *Clamper v. Novack,* 165 Pa. Superior Ct. 482, 69 A. 2d 195. To deprive appellant of a verdict which the evidence so amply warrants is, in my view, an unduly technical interpretation of the applicable legal principles. I respectfully dissent.

MONTGOMERY and HOFFMAN, JJ., join in this dissenting opinion.