John WILLIAMS

v.

UNITED STATES of America

v.

Joshua R. HEWITT et al.

Civ. A. No. 79–2655.

United States District Court,
E. D. Pennsylvania.

Feb. 6, 1981.

Robert M. Reibstein, Narberth, Pa., for plaintiff.

Peter F. Vaira, U. S. Atty., Susan Dein Bricklin, Asst. U. S. Atty., Philadelphia, Pa., for United States.

Raymond J. Peppelman, Philadelphia, Pa., for Joshua R. Hewitt et al.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This personal injury action was tried before this Court, sitting without a jury, on January 12, 1981. The plaintiff, John Williams, instituted this action against the United States of America pursuant to the Federal Tort Claims Act, 28 *U.S.C.A.* § 2761 *et seq.* The plaintiff alleges that on January 25, 1978 he was injured as a result of the defendant's negligence when he slipped and fell in the ice covered parking lot of the United States Post Office in Parkerford, Chester County, Pennsylvania. The defendant joined Joshua Hewitt and Lillian Hewitt as third-party defendants, pursuant to Fed.R.Civ.P. 14. The third-party defendants were the owners of the building which housed the Parkerford Post Office, and they rented a part of the first floor of the building to the Post Office. On January 25, 1978, the defendant was the sole occupant of the premises. The third-party defendants also owned the parking lot in which the plaintiff slipped and fell. For the reasons hereinafter stated, the Court finds that the defendant was not negligent, and that the comparative negligence of the plaintiff would bar recovery.

The Court makes the following findings of fact based upon the evidence. The plaintiff is thirty-five (35) years of age and at the time of the accident lived approximately two blocks from the Parkerford Post Office. For the past six months he had gone to the Post Office on a daily basis to pick up his mail, and was familiar with the Post Office and the Post Office parking lot. On January 24, 1978, the day prior to the plaintiff's accident, the temperature had risen and caused snow which had recently fallen to melt. During the night, however, the temperature dropped below freezing and a freezing rain began. This combination of events caused the roads, sidewalks and the parking lot of the Post Office to become icy on the morning of January 25, the date of the plaintiff's accident. The freezing rain was continuing to fall when the plaintiff awoke at 7:20 a. m. The plaintiff was aware that the roads and sidewalks were icy when he was driving to the Post Office. He drove at a rate of speed of approximately five to ten miles per hour because, as he testified, the roads were "dangerous." He arrived at the Post Office at about 8:10 a. m. and parked in the Post Office parking lot approximately twenty-five (25) feet from the entrance to the Post Office. The freezing rain which was falling when the plaintiff awoke had not stopped. The plaintiff described the Post Office parking lot as a "sheet of ice," and noticed before he got out of his car that the entire parking lot was icy. He walked very slowly from his car to the entrance of the Post Office, leaning on his car whenever possible. When he was inside the Post Office picking up his mail, he spoke briefly to Mrs. Casner, the postmistress. He testified that Mrs. Casner told him that the parking lot was icy and that she had not had a chance to salt the lot that morning. While returning to his car, the plaintiff slipped and fell. He testified that he was "shuffling along" and taking "small steps" when he fell. After his fall, he crawled into the Post Office. He telephoned two of his co-workers, who came to the Post Office and drove the plaintiff to the hospital. The plaintiff testified that he did not notice any salt on the ice in the parking lot.

Both Mr. Knipe and Ms. Behringer, the two co-workers who came to the Post Office and took the plaintiff to the hospital, testified that the parking lot was icy and slippery. The plaintiff called Mrs. Casner, the postmistress, as on cross-examination. She testified that she usually arrives at work by 7:30 a. m., but did not arrive until 7:45 a. m. on January 25 because of the icy conditions of the roads. She testified that she noticed the parking lot was icy and that salt was needed in the parking lot. She stated that she spread salt in the parking lot and fin-

ished spreading salt at about 8:00 a. m. Mrs. Casner also testified that the parking lot had been cleared of snow on January 24, the day prior to the plaintiff's accident.

 The Court must apply the law of Pennsylvania in this action under the Federal Tort Claims Act. *Toole v. United States,* 588 F.2d 403 (3d Cir. 1978). Under Pennsylvania law, there is no absolute duty upon the defendant to keep the premises free of snow and ice at all times. *Rinaldi v. Levine,* 406 Pa. 74, 176 A.2d 623 (Pa.1962). The *Rinaldi* court stated:

> There is no liability created by a general slippery condition on sidewalks. It must appear that there were dangerous conditions due to ridges or elevations which were allowed to remain for an unreasonable length of time. *Id.* [406 Pa. 74, 176 A.2d] at 625. *See Strother v. Binkele,* [256 Pa.Super. 404] 389 A.2d 1186 (Pa.Super.1978).

The "hills and ridges" doctrine is applicable only in situations where the ice is "the result of an entirely natural accumulation." *Bacsick v. Barnes,* 234 Pa.Super. 616, 341 A.2d 157, 160 (Pa.Super.1975). As stated by the Court in *Bacsick,* the "hills and ridges" doctrine does not apply where the ice is localized and there are not general slippery conditions in the community, or when an icy condition is caused by the defendant's neglect, such as where a defective hydrant, water pipe or drain caused the icy condition. Neither of these exceptions is applicable in this action because the ice in the parking lot was "the result of an entirely natural accumulation." Although *Rinaldi, supra,* involved a fall on an icy sidewalk, the "hills and ridges" doctrine appears to be applicable to falls by business invitees in parking lots. *Morris v. Atlantic and Pacific Tea Co.,* 384 Pa. 464, 121 A.2d 135 (Pa.1956).

The testimony of the plaintiff and his co-worker Mr. Knipe was that the parking lot was a "sheet of ice." No one testified that they observed any ridges or elevations of ice in the parking lot. The Court therefore finds that at the time and place where the plaintiff fell, there were no ridges or elevations of ice "of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon." *Rinaldi, supra.* Therefore, under the "hills and ridges" doctrine, which the Court must apply in this action, the defendant was not negligent.

The plaintiff, however, contends that the "hills and ridges" doctrine is not applicable because a distinction should exist between a sidewalk, which any person passing by a property can lawfully use, and a parking lot, which is used only by business invitees. As we heretofore stated, the Court in this action is bound by the law of Pennsylvania. The long line of Pennsylvania cases applying the "hills and ridges" doctrine has not made a distinction between icy sidewalks and icy parking lots. *Rinaldi, supra; Strother, supra; Bacsick, supra.* Furthermore, as heretofore pointed out, *Morris* indicates that the Supreme Court of Pennsylvania considers the "hills and ridges" doctrine applicable to business invitees in parking lots. There is much merit to the often voiced criticism of the "hills and ridges" doctrine set forth in the law of Pennsylvania. It nevertheless is the law of Pennsylvania and this Court must apply the doctrine in this action. *Daye v. Commonwealth of Pennsylvania,* 483 F.2d 294 (3d Cir. 1973).

 However, even if the "hills and ridges" doctrine were not applicable to the facts in this action, this accident occurred after the effective date of the Pennsylvania Comparative Negligence Act (Act), 42 Pa. Cons.Stat.Ann. § 7102, and pursuant to the Act, the plaintiff is barred from recovery if his negligence is "greater than the negligence of the defendant." *Id.* § 7102(a). The Court finds that the plaintiff lived approximately two blocks from the Parkerford Post Office. He noticed the icy conditions of the roads and sidewalks and the "freezing rain" when he awoke on the morning of January 25. He drove to the Post Office at a rate of speed of approximately five to ten miles per hour because the roads were "dangerous." The plaintiff himself described the Post Office parking lot as a "sheet of ice" when he arrived there

on the morning of January 25. He knew before he got out of his car that the entire parking lot was slippery and dangerous, and he leaned on his car whenever possible while walking the twenty-five feet to the entrance of the Post Office. The plaintiff and the postmistress discussed the icy condition of the parking lot while he was picking up his mail.

Mr. Knipe, one of the plaintiff's co-workers, who came to the Post Office to escort the plaintiff to the hospital, testified that the roads were icy and that the parking lot was "icy and slippery."

Although the plaintiff attempted to minimize the risk of falling on the icy parking lot by wearing rubber boots, taking "small steps," and leaning on his car whenever possible, he was nevertheless "testing a known danger" by proceeding across a parking lot which he described as a "sheet of ice." *Schoen v. Youshock*, 202 Pa.Super. 460, 198 A.2d 437, 439 (Pa.Super.1964). The Court therefore finds that in this action the negligence of the plaintiff was "greater than the negligence of the defendant," 42 Pa.Cons.Stat.Ann. § 7102(a), and thus would bar a recovery even if the "hills and ridges" doctrine were determined to be inapplicable to the facts in this action.

For the reasons set forth herein, judgment will be entered in favor of the defendant, the United States of America, and against the plaintiff, John Williams. This Memorandum is in lieu of findings of fact and conclusions of law, pursuant to Fed.R. Civ.P. 52(a).