## Coudriet v. Inserra

*David D. Engle,* for plaintiff.
*J. Michael Dorezas,* for defendants.

KISTLER, *J.,* December 20, 2005—Presently before this court is Louis and Patricia Inserra's (defendants) motion for summary judgment. This motion pertains to plaintiff Michael L. Coudriet's slipping and falling in defendants' driveway. Plaintiff slipped on an ice patch that was covered by a thin layer of fresh snow. Plaintiff

contends defendants were negligent in failing to inspect or discover the condition, for permitting the driveway to remain in an unsafe or dangerous condition, for failing to adequately warn of the condition, and for failing to correct, remedy, repair or eliminate the condition.

## FACTUAL BACKGROUND

At approximately 11 a.m. on February 24, 2003, plaintiff, a Federal Express delivery man, was attempting to deliver a package to defendants' house. After exiting his vehicle, plaintiff stepped onto defendants' driveway and slipped. Plaintiff's feet went out from underneath him, and he landed on his elbow. As a result of this fall, plaintiff sustained injuries.

It had snowed earlier that day, roughly between 8 a.m. and 9 a.m. (Michael Coudriet deposition at 32.) Plaintiff noted the entire driveway was covered with a small amount of snow when he arrived. (Michael Coudriet deposition at 44.) Plaintiff also observed snow from previous snowfalls underneath the dusting that fell earlier in the morning. (Michael Coudriet deposition at 46-47.) In addition, plaintiff noticed snow had been removed from the driveway because there were piles of snow on either side of the driveway. (Michael Coudriet deposition at 42.)

## DISCUSSION

The "hills and ridges" doctrine is a long-standing and well entrenched legal principle that protects an owner or occupier of land from liability for generally slippery conditions resulting from ice and snow, where the owner

has not permitted the ice and snow to unreasonably accumulate in ridges or elevations. *Harmotta v. Bender,* 411 Pa. Super. 371, 601 A.2d 837 (1992). In order to recover for a fall on an ice- or snow-covered surface, a plaintiff is required to prove: "(1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians traveling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall." *Rinaldi v. Levine,* 406 Pa. 74, 78, 176 A.2d 623, 625 (1962).

Summary judgment is appropriate "whenever there is no genuine issue of any material fact as to any necessary element of the cause of action or defense which could be established by additional discovery or expert report . . . ." Pa.R.C.P. 1035.2(1). Furthermore, summary judgment is appropriate "if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2(2).

A grant of summary judgment is likewise appropriate where the pleadings, depositions, answers to interrogatories, admissions on file, together with any affidavits, demonstrate there exists no genuine issue of fact. *Accu-Weather v. Prospect Communications,* 435 Pa. Super. 93, 644 A.2d 1251 (1994). The moving party has the burden

of proving that no genuine issue of material fact exists. *Id.* In addition, the court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Stidham v. Millvale Sportsmen's Club,* 421 Pa. Super. 548, 618 A.2d 945 (1992), *alloc. denied,* 536 Pa. 630, 637 A.2d 290 (1993); Pa.R.C.P. 1035(b). Finally, summary judgment should only be entered in cases where the right to it is clear and free from doubt. *Hathi v. Krewstown Park Apartments,* 385 Pa. Super. 613, 561 A.2d 1261 (1989).

In the present case, defendants believe summary judgment is appropriate because the "hills and ridges" doctrine protects a landowner from generally slippery conditions resulting from ice and snow. Defendants note that plaintiff admitted in his deposition that he slipped on an area of smooth ice covered by a dusting of snow, not an area covered by snow and ice accumulated in ridges or elevations which would unreasonably obstruct his travel or constitute danger. (Michael Coudriet deposition at 45.) Defendants further note that plaintiff admitted the driveway had been cleared to permit traffic to cross without being hindered by hills and ridges. (Michael Coudriet deposition at 55.) In short, defendants believe plaintiff cannot support his allegation that defendants unreasonably allowed snow and ice to accumulate in dangerous elevations, because plaintiff stated he slipped on a smooth patch of ice, and the driveway had recently been shoveled. As such, plaintiff cannot meet the first requirement set out by the *Rinaldi* court—that snow and ice had accumulated in hills and ridges to the extent that the size unreasonably obstructs travel and constitutes a danger to others.

Plaintiff, on the other hand, disagrees with defendants that the ice under the snow was an open and obvious danger, and that there was an alternative clear path available to reach defendants' door. Plaintiff argues the dusting of snow covered up accumulated ice that had not been removed from previous storms on February 17 and 18 of that year. Plaintiff stated the ice was not visible prior to his fall because of the fresh snow. Plaintiff stated there was "nothing obvious" that would make him think twice about stepping onto defendants' driveway. (Michael Coudriet deposition at 45.)

Having reviewed the relevant facts and the parties' pleadings, this court believes granting defendants' motion for summary judgment is appropriate. The "hills and ridges" doctrine applies to generally icy conditions in the community. *Harmotta, supra.* The purpose of the doctrine is to protect landowners from liability for generally icy conditions so long as the landowner has not allowed the ice or snow to accumulate to a hazardous height or amount. *Id.* This court finds that a general condition of iciness was present due to the previous snows being concealed by the recent snowfall leading up to the day of the incident, as well as the cold weather in the area. As such, the "hills and ridges" doctrine is applicable in this case.

The fact there was a thin layer of snow suggests defendants had fulfilled their duty to keep their driveway as clear as possible of snow and ice. Plaintiff stated in his deposition that there were piles of snow along the sides of the driveway, suggesting defendants had made a genuine attempt to remove all the snow from the previous storms. To create a duty that landowners be guaran-

tors of "slip free" surfaces in this region of the country, where adverse weather conditions arise suddenly, would be unduly burdensome.

Plaintiff's contention that the fact he slipped and fell tends to prove that the ice had accumulated in such a size and character as to unreasonably obstruct travel and constitute a danger to pedestrians is without merit. The mere fact that an accident occurred cannot, by itself, prove an unreasonable amount of ice or snow had been allowed to form. This notion would make the first prong of the "hills and ridges" test moot in every slip-and-fall injury suit. As such, this court believes plaintiff slipped and fell on defendants' driveway because of precipitation generally applicable to this region, and there is no evidence of an unreasonable accumulation of snow or ice.

## ORDER

And now, December 20, 2005, defendants' motion for summary judgment is hereby granted.