Wilson et al. *v.* Metropolitan Petroleum
Corporation, Appellant.

Argued October 14, 1936.   Before KEPHART, C. J., SCHAFFER, DREW, LINN and STERN, JJ.

*D. H. McConnell*, for appellant.

*Henry Kauffman*, with him *Louis Little*, for appellees.

OPINION BY MR. JUSTICE STERN, November 23, 1936:

Minor plaintiff, nine years of age, was seated in a small coaster wagon pushed by two other boys on Seventh Avenue, between West and Hayes Streets, in Homestead. According to plaintiffs, the wagon was going east at a distance of about three feet from the north curb, and defendant's truck was traveling west in a line with it. The driver of the oncoming truck had a clear view of the wagon for a considerable distance ahead, and when within fifteen or twenty feet of it swerved to the left, the front of the truck clearing the wagon but the right rear wheel striking it and severely injuring minor plaintiff. Defendant's version of the occurrence was that the coaster wagon was not proceeding along Seventh Avenue but that it came out from the sidewalk between two parked vehicles in the middle of the block at right angles to the pathway of the truck and was never in

front of the truck at all. The case thus presented a clear issue of fact for the jury, which rendered a verdict for plaintiffs. Defendant's appeal is from the refusal of its motion for a new trial.

There are two assignments of error. The first is based upon the fact that one of plaintiffs' witnesses, a Mrs. Shea, testified that she saw the wagon and truck approaching one another and saw the latter swerve; "the back part of it hit the wagon and that is when we heard the crash. We didn't really see the crash, but we heard it." Counsel for defendant immediately asked to have this witness's testimony stricken from the record "as to how the accident happened, inasmuch as she said she didn't see it happen." The court refused the motion. In this there was no reversible error. The motion was technically objectionable because it was to strike out all the testimony of the witness as to the happening of the accident instead of merely the one remark that the back part of the truck hit the wagon. Moreover, defendant was not harmed by the witness's statement because all the witnesses, including defendant's driver, agreed that it was the rear wheel of the truck that struck the wagon. The driver Warren was asked: "Q. The front wheels of your car didn't strike the boy? A. No. . . . Q. So, it was the back wheel? A. The back wheel hit him, the right hind wheel hit him. Q. Was it the outside back wheel? A. Right hind wheel."

The other assignment of error complains of a sentence in the court's charge to the effect that, "when a child is seen in front of or in the vicinity of a truck or automobile, the burden is still greater than if that child were a grown person, because it is because of the uncertainty of their actions that the driver must be in a position at all times to be prepared for anything the child might do, because their actions cannot be so well accounted for." It is true, as a legal proposition, that the mere fact that a child is seen in the vicinity of a truck or automobile does not, under all circumstances, require the driver to

be prepared for "anything the child might do." A reading of the entire charge, however, indicates that the learned trial judge's meaning could not have been thus misinterpreted. The jury was properly instructed that if the wagon darted out to the side or in front of defendant's truck at too close range for the driver of the truck to have been reasonably able to avoid the accident there would be no liability of defendant. The thought that the trial judge evidently intended to convey was that, where the operator of a vehicle sees a child before him and has reasonable time to act in the situation, he must take into consideration, as a factor governing his conduct, the likelihood of the child's acting capriciously instead of in the logical manner to be expected of an adult. This principle is expressed in *Silberstein v. Showell, Fryer & Co.,* 267 Pa. 298, 306, where it is said: "When an automobile driver deflects his car to pass around a little child, he must expect from it (the most natural thing from one of this age) some heedless, thoughtless, capricious act, the negligent act which comes from childish sportiveness, characteristic of an immature mind."

The assignments of error are overruled and the judgments are affirmed.