Opinion by
 

 Stadteeld, J.,
 

 This was an action in trespass to recover damages for personal injuries sustained as a result of being struck by defendant’s automobile. The trial before the court and a jury resulted in a verdict for plaintiff in the sum of $200. Defendant’s motion for judgment non obstante veredicto, and plaintiff’s motion for new trial, were both overruled. This appeal by defendant followed.
 

 The testimony and the reasonable inferences therefrom must, in this appeal, be considered in the light most favorable to plaintiff. The accident, out of which this suit arose, occurred on the evening of Saturday, March 10, 1934. The weather on the evening in ques
 
 *580
 
 tion was cold. Snow had fallen during the day to a total depth of four and one-half inches. Between the hours of 7 and 10 o’clock in the evening, however, the snowfall was so slight as to. be unmeasurable. The velocity of the wind varied from 21 miles per hour to less than 8 miles per hour, the highest velocity occurring at 7:05 o’clock in the evening, an hour before the accident.
 

 At the time of the accident, the appellee was walking on Spencer Ave., Carrick, in the direction of his home. The sidewalks were covered with snow which had piled up in drifts ranging up to a depth of five feet. In the middle of Spencer Ave., which is a thirty-foot paved street, and which was illuminated by electric street lights at the time of the accident, there was a beaten path in the snow caused by vehicular traffic. The testimony shows that this was the only path on the street. The appellee walked northwardly along the right hand side of this path. Noticing a reflection of lights on the snow, appellee turned and observed an automobile approximately one hundred fifty feet behind him and just starting northwardly toward Mm. A few seconds later, appellee again turned, and observed the progress of the automobile. He then moved to the right into the deep snow and to the extreme right side of the street and continued walking.
 

 The automobile, a bread delivery truck, was driven by appellant and was the only vehicle on Spencer Ave. at that time. When he had reached a point about twenty feet behind appellee, and traveling at a rate of speed of from ten to fifteen miles per hour, appellant, without warning, swerved into the deep snow, struck the appellee and dragged him from fifty to one hundred feet before stopping. Appellee lost consciousness when struck and did not regain consciousness until the truck had come to a stop.
 

 The duty of a pedestrian who walks longitudinally in
 
 *581
 
 a public street has been defined by our Supreme Court in an opinion by Mr. Justice Moschzisker, in the case of
 
 Virgilio v. Walker,
 
 254 Pa. 241, 98 A. 815, from which we quote at p. 245 as follows: “While conditions have not as yet arisen in any case brought before us where we have felt called upon to rule that it was negligence per se for a pedestrian to traverse a public highway between the regular crossing places, nevertheless, when one does so, he is bound to a high degree of care, and if a pedestrian goes further and deliberately selects the roadway of a city street for the purpose of walking longitudinally thereon, he is obligated to still greater care; in fact, one placing himself in such danger must be most vigilant to look after his own safety.”
 

 The proper, test is whether or not the plaintiff exercised due care under the circumstances. The appellee was not bound to anticipate that appellant would suddenly and without warning swerve out of the beaten path in the middle of the roadway into the deep snow where the appellee was walking:
 
 Weiss v. Pgh. Ry. Co.,
 
 301 Pa. 539, 542, 152 A. 674. That a pedestrian fails to turn and look back while walking in a street, is not, of itself, sufficient to convict him of contributory negligence; to drive into a pedestrian, who is in full view and does not suddenly change his course, is evidence of negligence, as is also the failure to give him warning;
 
 King v. Brillhart,
 
 271 Pa. 301, 304, 114 A. 515.
 

 The circumstances of this case required the question of appellee’s contributory negligence to be submitted to the jury. This the trial judge did, in instructions not specifically challenged.
 

 It was a question for the jury as to whether or not the plaintiff exercised the high degree of care that was imposed upon him by walking on the right-hand side of the street in which he was traveling. This the jury resolved in appellee’s favor.
 

 The cases cited on behalf of appellant are readily dis
 
 *582
 
 tinguishable from the instant case. We see nothing in the record which would warrant a reversal Of the judgment.
 

 Judgment affirmed.