Garvin, Appellant, *v.* Pittsburgh et al.

Argued April 17, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*John E. Evans, Jr.,* with him *Evans, Evans & Spinelli,* for appellant.

*John F. McDonough,* Assistant City Solicitor, with him *Anne X. Alpern,* City Solicitor and *Frederick G. Weir,* for appellee.

OPINION BY RHODES, P. J., July 17, 1947:

Plaintiff brought this action in trespass against the City of Pittsburgh to recover damages for injuries sustained as the result of a fall on a defective sidewalk. The city brought upon the record as additional defendant the owner of the property adjoining the sidewalk where plaintiff was injured.

The jury returned a verdict in favor of plaintiff in the sum of $2,000 against both defendants, with a verdict over in favor of the city against the property owner.

The city presented a motion for judgment n. o. v. "in its favor," which was granted by the court in banc on the ground that plaintiff was guilty of contributory negligence as a matter of law. Judgment was entered in favor of the defendants, although the additional defendant did not appear, made no defense, and did not file any motions or pleadings. The court below held plaintiff contributorily negligent on two grounds: (1) That he voluntarily chose a dangerous way when he

could have taken a safe one, and (2) that he stepped forward while temporarily blinded by the lights of an oncoming automobile, without being able to see where he was going, in the presence of a known dangerous condition.

Plaintiff has appealed, and contends that the court below erred in both respects.

The accident occurred late in the evening of October 5, 1944. Plaintiff had been to a moving picture theatre and was walking to his home on Lafferty Avenue, Pittsburgh. Lafferty Avenue runs generally east and west and intersects with Taft Avenue which runs north and south. Plaintiff was walking west on the south side of Lafferty Avenue from the intersection. He was thus on his left-hand side of the street. He stepped into a hole in the sidewalk and fell at a point about one hundred feet west of Taft Avenue. The cement sidewalk ended abruptly at this point, and there was a drop of fully nine inches. The cement sidewalk had also been broken into pieces in front of the vacant lot of the additional defendant. This condition had existed for over two years, and the negligence of the defendants has not been denied. No witnesses were called in defense.

On this appeal all the evidence must be considered in the light most favorable to plaintiff, and he must be given the benefit of every fact and inference to be drawn therefrom pertaining to the issue involved. *Stewart et vir v. Pittsburgh,* 157 Pa. Superior Ct. 347, 43 A. 2d 393; *Bowser et ux. v. Kuhn et ux.,* 160 Pa. Superior Ct. 31, 49 A. 2d 852.

When so considered, the following appears to have been established by plaintiff's evidence in relation to the issue of contributory negligence. There was a street light at the northwest corner of the intersection of Taft and Lafferty Avenues; but at the scene of the accident the lighting was dim and "extremely poor." The sidewalk on both the north and south side of Lafferty Avenue contained gas plugs which protruded one or two

inches above the surface. Plaintiff was familiar with the hole in the sidewalk where he fell, as well as with the gas plugs on both sidewalks. He chose to walk home on the south side of Lafferty Avenue, even though he knew of the sidewalk condition there, because the north side was darker due to trees which obscured the street light at the corner. Plaintiff was blinded by the lights of an automobile which was proceeding east on Lafferty Avenue. His own testimony was conflicting as to whether he was blinded by the lights and then took a step, or as to whether he had committed his right foot to the step simultaneously with the blinding.

We are of the opinion that plaintiff cannot be held contributorily negligent as a matter of law on the ground that he chose a dangerous route when a safe route was available. According to the testimony, the general public used the sidewalk on the south side of Lafferty Avenue where the accident occurred. The alternate route on the north side of Lafferty Avenue had hazards in the form of protruding gas plugs, and it was darker, on account of lighting conditions, than the south side. Neither route was absolutely safe, but the danger inherent in the route plaintiff took was not so predominant that his choice could be held to constitute contributory negligence as a matter of law. What we said in *Graham v. Reynoldsville Borough,* 132 Pa. Superior Ct. 296, at page 300, 200 A. 681, at pages 682, 683, in an opinion by Judge, later President Judge, BALDRIGE, is applicable: "Nor can it be said that plaintiff was guilty of contributory negligence as a matter of law because he voluntarily chose a dangerous route when a safe one was available. It is well settled that where a person has a choice of two ways, one of which is perfectly safe and the other subject to obvious risks, and voluntarily chooses the latter and is injured, he is guilty of contributory negligence: Levitt et al. v. B/G Sandwich Shops, Inc., 294 Pa. 291, 294, 144 A. 71; Kaczynski v. Pittsburgh, 309 Pa. 211, 163 A. 513. One is not necessarily guilty of negli-

gence, however, because he does not take the safer way, unless the danger is so clear and apparent that an ordinarily prudent person would regard it as dangerous: Mellor v. Bridgeport, supra [191 Pa. 562, 43 A. 365]. If the alternate route has dangers of its own and the hazard of the route actually taken is not so manifest as to deter the general public and ordinarily careful people from using it, the question of contributory negligence of the person injured is for the jury." See, also, *Wensel v. North Versailles Township et al.*, 136 Pa. Superior Ct. 485, 495, 7 A. 2d 590; *Schaut v. St. Marys' Borough et al.*, 141 Pa. Superior Ct. 388, 393, 14 A. 2d 583; *Bockstoce et ux. v. Pittsburgh Rys. Co.*, 159 Pa. Superior Ct. 237, 241, 48 A. 2d 126.

Nor, in our opinion, can plaintiff be declared negligent as a matter of law on the ground that he proceeded in the dark, without looking, and tested a known danger. Plaintiff's testimony, read in the light most advantageous to him, does not show, as the city contends, that he voluntarily proceeded to walk ahead although blinded by the headlights of an approaching automobile. It is true that plaintiff's testimony is conflicting as to whether he was blinded and then took a step forward, or as to whether he had already committed himself to the step which resulted in his injury. We are obliged to accept plaintiff's most favorable statement, to wit, that he was blinded "just at the time" he was taking the step. He also testified: "Q. As you walked down the street which way were you looking? A. I was looking west, walking west. Q. Were you watching where you were going? A. Yes, sir, I was watching where I was going. . . . Q. Could you see where you were going prior to the time you became blinded by this automobile headlight? A. I could see up until about that point. Q. Could you see just prior to the step you took prior to being blinded; could you see where you were going then? A. Yes, I could. . . . Q. You tell us you had already started to step with your right foot before you were blinded; is

that true? A. At the same time. . . . Q. And you knew that right in that general neighborhood close to where you were there was this dangerous condition; is that correct? A. I didn't think I was that close." It is well settled that "when by reason of conflicting statements the plaintiff's testimony leaves the question of his contributory negligence in doubt, since he has not the burden of proof on that issue, it is for the jury to reconcile the statements and say which shall prevail": *Gerber v. Jones et al.,* 151 Pa. Superior Ct. 489, 492, 30 A. 2d 534, 536. See, also, *Kanarkowski v. North Braddock Borough,* 157 Pa. Superior Ct. 325, 329, 43 A. 2d 381. The jury could very well have found that, although the lighting condition was not good, plaintiff was watching and could see where he was going; and that he would have observed the situation before completing the step which he had started to take had it not been that he was at that time blinded by the lights of the automobile. The blinding headlights of the approaching automobile interfered at a critical moment with plaintiff's vision. Cf. *Bruch v. City of Philadelphia,* 181 Pa. 588, 37 A. 818, where an electric light so dazzled the eyes of a pedestrian that he was prevented from seeing a hole in the pavement of the sidewalk which he otherwise might have observed. We think, under the circumstances, it was within the province of the jury to determine that plaintiff was not contributorily negligent, but rather exercised due care for his own safety. It is only in clear cases that contributory negligence may be declared as a matter of law. *Bowland v. Pittsburgh Rys. Co. et al.,* 350 Pa. 411, 417, 39 A. 2d 619; *Chidester v. Pittsburgh,* 354 Pa. 417, 420, 47 A. 2d 130.

It cannot be said that plaintiff was negligent because he knew of the existence of the defect in the sidewalk and nevertheless used the walk. He testified he was looking where he was going just before he was blinded, and, although he knew of the defect, he thought he was ten or fifteen feet from it. He had already committed

himself to the step when blinded by the headlights. Plaintiff's knowledge of the defect did not necessarily convict him of contributory negligence under these conditions. Cf. *Schaut v. St. Marys' Borough et al.,* supra, 141 Pa. Superior Ct. 388, 393; *Walton v. Colwyn Borough,* 19 Pa. Superior Ct. 172, 175; *Emmey v. Stanley Company of America,* 139 Pa. Superior Ct. 69, 75, 76, 10 A. 2d 795; *Bowser et ux. v. Kuhn et ux.,* supra, 160 Pa. Superior Ct. 31, 35, 49 A. 2d 852; *Keiser v. Philadelphia Transportation Co. et al.,* 356 Pa. 366, 372, 51 A. 2d 715.

The judgment is reversed, and it is directed that judgment be entered by the court below on the verdict.

Judge HIRT dissents.