Burkleca *v.* Stephens, Appellant.

Argued March 28, 1952. Before Drew, C. J., Stearne, Jones, Bell, Chidsey and Musmanno, JJ.

*John W. Cost,* for appellant.

*Kim Darragh,* for appellee.

Opinion by Mr. Justice Bell, April 22, 1952:

On February 4, 1948, at about 6:10 a.m., plaintiff was walking in a northerly direction along the easterly berm of Library Road, also known as Route 88, in Allegheny County, when she was struck and injured by the defendant's automobile, which was also proceeding northwardly on Library Road. Several inches of snow had fallen during the night and at the time of the accident it was dark and snow was still falling. Library Road is a two-lane concrete highway, without any sidewalks, and was straight for several hundred feet in both

directions from the place of the accident. Plaintiff usually walked on the left hand side of the road in order to face oncoming traffic, but because of snow drifts, walked this morning on the right hand side of the road. Plaintiff noticing the headlight beam of defendant's car approaching from the rear, looked over her left shoulder just as the car was almost upon her. She was struck by the front of the car and thrown into a snow bank some four feet or more off the east edge of the paved highway. The only other important eye-witness was the defendant, who testified that he first saw plaintiff when he was 8 or 10 feet away from her, that she was walking on the road and not on the berm; that she had no flashlight; that he was in second gear and moving very slowly with his lights lit, chains on, windshield wiper operating; that as soon as he saw plaintiff he sounded his horn but she did not move out of the way; that he swerved to the right and his wheels skidded and he struck plaintiff with the car's left headlight. Plaintiff testified that defendant did not sound his horn.

Plaintiff suffered a fracture of the tibia and fibula of her left leg, which required the insertion of a metal plate. Her doctors' and hospital bills amounted to $1,354.00; she lost her job as a result of the accident, and the jury awarded her a verdict of $6,500.00.

Defendant contends that he was free from negligence and that plaintiff was guilty of contributory negligence because she was walking on the wrong side of the road and did not carry a lighted flashlight.

The defendant did not object to the size of the verdict nor present a point for binding instructions, nor move for judgment n.o.v., but asked the court below for a new trial because the verdict was against the weight of the evidence. The motion for a new trial was dismissed.

Defendant's contention that a pedestrian must carry a flashlight or be guilty of contributory negligence as a matter of law, is without merit. Moreover, even if we assume, contrary to the plaintiff's testimony and to the verdict of the jury, that she was walking along the right hand side of the highway instead of along the berm, this would not amount to negligence per se: *Christopher v. General Baking Company*, 346 Pa. 285, 30 A. 2d 124; *Neidlinger v. Haines,* 331 Pa. 529, 200 A. 581; *King v. Brillhart,* 271 Pa. 301, 114 A. 515; *Petrie v. E. A. Myers Co.,* 269 Pa. 134, 112 A. 240; *Gilbert v. Stipa,* 157 Pa. Superior Ct. 1, 41 A. 2d 284.

We may aptly repeat what the Court said in *Neidlinger v. Haines,* 331 Pa., supra: "In the absence of sidewalks the rights of pedestrians upon the highway are equal to those of motor vehicles; and a pedestrian walking along the right side of a paved roadway is not required to turn and look for approaching traffic: Petrie v. E. A. Myers Co., 269 Pa. 134; King v. Brillhart, 271 Pa. 301; Nalevanko v. Marie, 328 Pa. 586; nor is he required to step off the highway to permit the automobile to pass: Petrie v. E. A. Myers Co., supra. See also Wilson v. Metropolitan Pet. Corp., 324 Pa. 321; and Derrickson v. Tomlinson, 326 Pa. 560. In our opinion the plaintiffs are clearly not guilty of contributory negligence as a matter of law."

In *Weibel v. Ferguson,* 342 Pa. 113, 19 A. 2d 357, this Court said (page 118): "It is of course well settled that a driver must maintain such control over his car as to enable him to stop within the range of his headlights however much his visibility may be impaired by storm, darkness, fog, curve in the road or other conditions: Hutchinson v. Follmer Trucking Co., 333 Pa. 424, 427, 5 A. 2d 182; see also Mason v. Lavine, Inc., 302 Pa. 472, 477, 153 A. 754." These authorities are determinative of this appeal.

The question of defendant's negligence, and of plaintiff's contributory negligence were clearly questions of fact for the jury; and the trial judge who saw and heard the witnesses, and the court en banc found that the verdict in favor of the plaintiff was neither against the law nor the weight of the credible evidence.

There is no merit in any of the defendant's contentions.

Judgment affirmed.