Kinee *v.* Penn Radio Cab Company, Appellant.

Argued May 8, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*C. P. Ginley*, with him *Sylvan D. Einhorn*, and *Winer & Einhorn*, for appellant.

*Sheldon L. Albert*, with him *Beasley, Albert, Hewson & Casey*, for appellee.

OPINION BY MR. JUSTICE O'BRIEN, October 9, 1969:

This is an appeal from the judgment of the Court of Common Pleas of Philadelphia County. A trial by jury resulted in a verdict for the plaintiff, Kinee, in the amount of $25,000, and after denial of post-trial motions and entry of judgment, the defendant, Jack Gellar, individually and trading as Penn Radio Cab Company, took this appeal.

The facts involved are relatively simple and are set forth in the opinion of the court below which we quote herein: "The accident which gave rise to this litigation occurred on June 22, 1960, at approximately 10:00 A.M., when plaintiff's car was parked on the west side of Germantown Avenue approximately 40 ft. south of Mt. Airy Avenue. Since the plaintiff has

received the jury's verdict, it is axiomatic that at this posture of the case [namely a consideration of a motion for a judgment n.o.v.] the evidence and all inferences reasonably deduced therefrom must be viewed in the light most favorable to him. Viewed in that light, the facts are as follows: the plaintiff had been shopping and he carried his packages to his car, opened the door on the curb side and deposited his packages in his car. Parked behind his car was a vehicle belonging to defendant with a space of between 2 and 3 feet between the rear of plaintiff's vehicle and the front of defendant's vehicle. The plaintiff proceeded to the rear of his car and was about to cross between the two vehicles to get to the lefthand or driver's side of his vehicle. The defendant's taxi cab was standing still, and when defendant driver saw that plaintiff was about to walk between the vehicles, he suggested to him that he [defendant driver] would back up and give plaintiff room to drive out. The plaintiff replied that this was not necessary since he had ample room to drive out. In full view of defendant driver, the plaintiff stepped off the curb and as he was approximately midway between the two vehicles, the defendant's taxi cab lunged forward striking the plaintiff, backed off, struck him again and repeated this operation a third time."

Appellant makes three arguments on appeal. In two he contends, in essence, that he is entitled to judgment n.o.v. In the third, he claims that the court erred in not removing from the jury's consideration all evidence of damages occurring subsequent to appellee's fall down the stairs, which appellant claims was a superseding cause as a matter of law.

None of appellant's contentions has any merit. First, he claims that appellee was guilty of contributory negligence as a matter of law since, out of a choice of ways, appellee chose the only one of visible

danger. Appellant urges that appellee could have gone around the front of his car, or slid through the front seat, but instead chose the route of danger, between appellant's cab and his car. However, as pointed out by the opinion below, the doctrine involving the choosing of a route of danger was inapplicable: "[D]efendant's servant saw the plaintiff prior to his stepping into the street and there was an understanding between them that plaintiff could walk between the two vehicles in safety. Under these circumstances, plaintiff did not choose a path of danger or conceivable danger in preference to a route which was safe. On the contrary, he chose a route that he as a reasonable man under the circumstances believed to be safe, or at least the jury could so find." The jury was fully and fairly instructed on contributory negligence, including the following: "And, of course, the test insofar as the plaintiff's actions are concerned is what would a reasonably prudent man do under the same circumstances? Did the plaintiff have any inclination, any knowledge of any sort, that it was not safe for him to proceed there? Of course, this is a matter that you have to determine." It was certainly not error for the court to allow the jury to resolve this question.

Secondly, appellant contends that he is entitled to judgment n.o.v. because appellee's testimony was so contrary to human experience and the laws of nature as to be incredible and unworthy of belief. Appellant points to appellee's testimony that the cab struck him, and then rebounded and struck him twice more, seeming to mount him as it struck him. Moreover, he cites the testimony that the dent in appellee's car was caused by appellee's body striking it, and refers to the testimony of his own (appellant's) witness that such a dent would not have occurred without appellee being much more seriously injured. We find this argument to be totally devoid of merit. Not only is ap-

pellee's testimony not inherently incredible, but it is not dissimilar to that of appellant's own driver. As for the testimony about the dent, appellant ignores the testimony of appellee's witness, who testified that the appellee's testimony as to the origin of the dent was consistent with the extent of his injuries.

Finally, appellant contends that the court below erred in not charging that plaintiff, in attempting to carry his young child up two flights of stairs, tested a known danger, and his fall was thus a superseding cause, absolving appellant from liability for the subsequent damages. We believe that the court below adequately handled this issue when it charged: ". . . or if you determine that the plaintiff was doing something that he should not have done, when he injured his right wrist, then you would not consider the injury to the right wrist in your determination of the injuries and damages plaintiff sustained." Here, again, the reasonableness of appellee's action was properly left to the jury.

The judgment is affirmed.

Mr. Justice ROBERTS concurs in the result.