## South, Appellant, *v.* Gray.

Argued November 16, 1972. Before WRIGHT, P. J., JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ. (WATKINS, J., absent.)

*George B. Angell,* with him *Angell, Angell and Kahle,* for appellant.

*R. L. Mutzabaugh,* with him *Mutzabaugh & Mutzabaugh,* for Gray and Gallagher Coal Co., Inc., appellees.

*Murray R. Garber,* for Slater, appellee.

OPINION BY SPAULDING, J., March 27, 1973:

Appellant Howard South appeals from an order of the Court of Common Pleas of McKean County refusing to remove a compulsory nonsuit entered at the conclusion of appellant-plaintiff's case in this trespass action arising from an accident in which Roger South, his minor son, was struck by a tractor-trailer.

The accident occurred on East Main Street, a two-lane highway in Bradford, on a snowy day in February, 1970. Roger, then 18 years old and a senior in high

school, was standing at the foot of stairs which descended to the roadway from an adjacent hill. He was there for the admitted purpose of soliciting a ride.[1] There was no sidewalk on the side of the road where he stood—*i.e.*, none which ran along side the lane in which traffic moved in the direction Roger sought to travel. There was only the roadway met by a stone retaining wall, above which there was sheer hillside. On the other side of the road, adjacent to the lane proceeding in the opposite direction, there was a sidewalk.

After Roger arrived at the above position, several cars passed by without stopping and without his making any physical effort to "hitch" a ride. A car operated by appellee Slater then passed and, recognizing Roger as a former neighbor, Slater stopped the car about 20 yards down the road for the purpose of giving the lad a ride. Roger glanced to his left and observed the corporate appellee's tractor-trailer, operated by appellee Gray, approaching from a distance of 55 yards. He turned his back to the truck and proceeded at a "fast walk" on the slippery street toward the Slater vehicle, which was waiting for him. Since there was no sidewalk on that side of the road, he walked on the extreme right of the roadway surface on a ridge of snow piled immediately next to the retaining wall. After walking 10 to 15 yards, Roger heard the tires of the truck sliding on the slippery surface. He turned, saw the vehicle only a yard away, and was unsuccessful in jumping from its path.

---

[1] Appellant admits that Roger intended to hitchhike, but denies that he implemented this intention by any physical action. No evidence was presented on the question of whether Roger violated any statute prohibiting hitchhiking since the trial court granted summary judgment and appellees did not present their case. However, even if appellees present such evidence the question is a factual one for the jury to decide.

The above facts were enumerated in appellant's case. After their presentation, the court below granted a compulsory nonsuit, holding that Roger was negligent and that his negligence contributed to causing his injuries. Appellant challenges the holding that he was contributorily negligent as a matter of law.[2]

"Plaintiff may be declared contributorily negligent as a matter of law only when his negligence is so clearly revealed that there is no room for fair and reasonable disagreement as to its existence. Caine v. Collins, 194 Pa. Superior Ct. 230, 166 A. 2d 675 (1960)." *Deibold v. Sommerville*, 207 Pa. Superior Ct. 31, 34, 215 A. 2d 313 (1965). While there are several factors present in the instant case which arguably might indicate negligence on Roger's part, none of these is so clearly indicative of negligence that reasonable men could not doubt its presence. The question of contributory negligence was therefore one of fact and appellant's case should have been allowed to go to the jury.

Pennsylvania's appellate courts have consistently held that a pedestrian is not contributorily negligent per se for walking longitudinally along the right-hand side of the paved portion of a highway, where there is no sidewalk. *Burkleca v. Stephens*, 370 Pa. 371, 373, 88 A. 2d 57 (1952); *Neidlinger v. Haines*, 331 Pa. 529, 200 A. 581 (1938); *King v. Brillhart*, 271 Pa. 301, 114 A. 515 (1921); *Gilbert v. Stipa*, 157 Pa. Superior Ct. 1, 41 A. 2d 284 (1945); *O'Leary v. Willis*, 131 Pa. Superior Ct. 578, 200 A. 125 (1938). Moreover, as stated in *Burkleca*, supra, at 373: "We may aptly repeat what the Court said in Neidlinger v. Haines, 331 Pa., supra: 'In the absence of sidewalks the rights of pedestrians

---

[2] Appellant also argues that even if we were to find some negligence on Roger's part as a matter of law, such negligence was not a proximate cause of his injuries. Since we resolve the former issue in appellant's favor, we do not reach this additional argument.

upon the highway are equal to those of motor vehicles; and a pedestrian walking along the right side of a paved roadway is not required to turn and look for approaching traffic: [Citations omitted]; nor is he required to step off the highway to permit the automobile to pass: [Citations omitted]." The existence of a sidewalk here, on the other side of an admittedly icy roadway which would have been hazardous to cross, is not sufficient to hold Roger contributorily negligent as a matter of law. There is room for fair and reasonable disagreement as to whether or not it would have been more prudent for him to cross the road to the sidewalk on the other side, walk the 20 yards he had to traverse to get to the waiting Slater automobile, and then recross the highway, or to proceed as he did. The question was one of fact for the jury's consideration.

Finally, the fact that Roger elected to walk on a roadway that he knew to be icy and slippery does not indicate negligence per se, but is merely one more factor to be considered by the jury. In several instances our courts have so held, *i.e.,* walking on a slippery roadway does not constitute contributory negligence as a matter of law. See *e.g., Burkleca v. Stephens,* supra (plaintiff walking on right-hand side of snow-covered road at night without a flashlight); *Gilbert v. Stipa,* supra (71-year-old plaintiff walking on right-hand side of plowed roadway in the dark, where sidewalk on that side of street was covered by 3″ of snow); *O'Leary v. Willis,* supra (plaintiff walking along street on path in snow made by vehicular traffic, who moved into snow drift and continued walking having observed defendant's truck approaching from the rear). It was for the jury to determine whether Roger acted reasonably in continuing to walk along the slippery roadway and assuming that appellee Gray could avoid him.

The trial court's refusal to remove the compulsory nonsuit was motivated, in part, by the following ob-

servation in its opinion: "The writer of this opinion was born in the City of Bradford where this accident occurred and, . . ., has passed the accident site innumerable times during the past forty-six years. From our own observation of this site, we are of the opinion that it is one of the most, if not the most, dangerous spots in the City of Bradford and especially so for a pedestrian." This observation undoubtedly contributed to the court's holding that Roger was negligent as a matter of law. However, the observation is a factual rather than a legal one and the conclusion that Roger was negligent in his actions could only have been properly made by the jury.

The order of the court below is reversed, the compulsory nonsuit is removed, and the case is remanded for a new trial consistent with this opinion.

WRIGHT, P. J., would affirm on the opinion of POTTER, P. J.