Eller et al., Appellants, *v.* Work.

188

Argued December 3, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, and SPAETH, JJ. (VAN DER VOORT, J., absent).

*G. Clinton Fogwell, Jr.*, with him *John L. Lachall*, and *Reilly and Fogwell*, for appellants.

*C. Robert Elicker, Jr.*, with him *Timothy H. Knauer*, for appellee.

OPINION BY HOFFMAN, J., March 31, 1975:

The appellant, plaintiff below, contends that the trial judge committed reversible error in charging the jury on the "choice of paths" doctrine and in allowing the introduction of allegedly inadmissible hearsay testimony.

The minor-appellant, Richard Eller, age thirteen, was walking next to his brother, Frank Eller, Jr., on Isabel Lane in West Goshen Township, Chester County, at 7:00 p.m., on February 15, 1972. There are no sidewalks on either side of this suburban street and the lawns lead straight to the roadway. Frank Eller testified that he was walking on the lawns while the appellant was walk-

ing at the edge of the road. The appellee was driving in the same direction as the boys were walking and struck the appellant from behind. Appellant's brother testified that the first indication of an approaching car was the sound of squealing brakes. When he heard the brakes, appellant's brother turned and saw the appellant being struck. The brother further testified that the car was in motion at the point of impact and that the appellee's car was the only one on Isabel Lane at that time.

Anthony DiRocco, the investigating officer, testified on direct examination that in the course of his investigation he "asked who the operator of the vehicle was, and Mr. Work came forth and said he was operating the vehicle." On cross-examination, Officer DiRocco testified that the appellee told him that both boys were walking on the roadway. The appellant's objection was overruled by the trial court.

In his charge, the trial judge first defined negligence, proximate cause and contributory negligence. He then instructed the jury on the "choice of paths" doctrine, which was defined in *Garvin v. Pittsburgh,* 161 Pa. Superior Ct. 140, 53 A. 2d 906 (1947), as follows: "It is well settled that where a person has a choice of two ways, one of which is perfectly safe and the other subject to obvious risks, and voluntarily chooses the latter and is injured, he is guilty of contributory negligence." 161 Pa. Superior Ct. at 143, 53 A. 2d at 908, quoting *Graham v. Reynoldsville Borough,* 132 Pa. Superior Ct. 296, 300, 200 A. 681, 682-683 (1938). In general, the court's charge was extensive and contained a complete explanation of legal principles. The appellant contends, however, that the charge was improper because no evidence was adduced at trial from which the jury could infer that the appellant negligently chose a dangerous route when a safe route was available.

It is clear that the appellant could not be deemed contributorily negligent for merely walking on the roadway.

It is well-settled in Pennsylvania that "[i]n the absence of sidewalks the rights of pedestrians upon the highway are equal to those of motor vehicles; and a pedestrian walking along the right side of a paved roadway is not required to turn and look for approaching traffic ... nor is he required to step off the highway to permit the automobile to pass ..." *Burkleca v. Stephens,* 370 Pa. 371, 373, 88 A. 2d 57, 59 (1952), quoting *Neidlinger v. Haines,* 331 Pa. 529, 200 A. 581 (1938). See also *South v. Gray,* 223 Pa. Superior Ct. 442, 302 A. 2d 459 (1973). Thus, the appellant was lawfully proceeding at the edge of the road. Moreover, there is no evidence of record to indicate that the appellant was inattentive to his own safety.[1] The appellee presented no evidence, and the only possible implication of contributory negligence revealed by the appellant's case was the fact that he was lawfully walking

---

1. The court's charge apparently left room for the jury to find that the appellant committed contributory negligence *while* walking on the roadway by being inattentive to his own safety. "In the absence of sidewalks the rights of pedestrians upon the highway are equal to those of motor vehicles ... However, a pedestrian cannot, with immunity [impunity?], walk or stand on a country roadway in the face of a [sic] unknown approaching vehicle. He is under a duty to use reasonable care to observe approaching vehicles from both directions and you will have to determine whether or not this minor plaintiff had such an occasion as he was walking that day."

It was possible, therefore, for the jury to have concluded that the appellant was negligent in regard to his own safety by determining that he was walking with "immunity" on the roadway. Such a finding would be totally unsupported by the record. The only testimony on the issue revealed that the first sign of the appellee's vehicle was the sound of squealing brakes. The appellant testified that he was unable to remember the events of the accident, thus creating the presumption that he exercised due care. *Kmetz v. Lochiatto,* 421 Pa. 363, 219 A. 2d 588 (1966). Apparently, however, this portion of the charge was not specifically objected to at trial and was not raised in the appellant's post-trial motions. Therefore, it will not be considered on appeal. *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A. 2d 114 (1974).

on the roadway, when he could have chosen to walk with his brother on the grassy plots.

It is apparent that the "choice of paths" rule applies only if two distinct ways exist, one of which is clearly recognizable as safe and the other as involving danger, and if the pedestrian has the freedom to choose between them. *Kinee v. Penn Radio Cab Co.*, 435 Pa. 387, 257 A. 2d 554 (1969) ; *Perry v. Pittsburgh Railways Co.*, 357 Pa. 608, 55 A. 2d 354 (1947). For example, in *DeFonde v. Keystone Valley Coal Co.*, 386 Pa. 433, 126 A. 2d 439 (1956), the decedent was deemed contributorily negligent as a matter of law because he darted between a shovel and a bulldozer at a coal mining site, when he could easily have walked around them. In *Tharp v. Pennsylvania Railroad Co.*, 332 Pa. 233, 2 A. 2d 695 (1938), the decedent was held contributorily negligent because he attempted to cross railroad tracks when he could have used the bridge spanning the tracks.

The appellant in the present case could not be held contributorily negligent as a matter of law because a roadway without sidewalks is not a path presenting hazards "so manifest as to deter the general public and ordinarily careful people from using it . . ." *Garvin v. Pittsburgh*, 161 Pa. Superior Ct. at 144, 53 A. 2d at 908. Further, as stated by Mr. Justice MUSMANNO: "There is no law which requires anybody to follow any particular course in reaching his destination . . . Even if the alternative course could be determined hypothetically safer but the one chosen is still free of hazard and authorized by law, a tortfeasor may not escape responsibility for his negligence by maintaining that the person injured through his (the tortfeasor's) negligence could have escaped injury by taking the alternative route." *Hopton v. Donora Borough*, 415 Pa. 173, 176, 202 A. 2d 814, 815-816 (1964). The appellant argues, however, that the facts of record were insufficient to allow the jury to determine that he was negligent in his choice of routes.

This Court faced a similar factual pattern in *Millen v. Miller,* 224 Pa. Superior Ct. 569, 308 A. 2d 115 (1973). There, plaintiff's decedent was walking on the side of a roadway and was struck from behind by the defendant. There were no sidewalks but there was a dirt berm approximately eight feet wide. During closing argument, defense counsel stated that the decedent might have had a safer route to travel, and that decedent might have been running in the defendant's path. Our Court held the argument improper: "There was absolutely no evidence in the record that there was a safer route for the decedent to take or that the decedent was trotting or running. Such evidence would have implied an element of contributory negligence . . . Having no evidence to support him, defense counsel erroneously and prejudicially argued inferences not in the record. This constituted error . . ." 224 Pa. Superior Ct. at 572-573, 308 A. 2d at 117. The Court also held that it was error for the judge not to give an immediate cautionary instruction to the jury. The existence of the berm apparently did not persuade our Court that a safer route existed. Cf. *Galloway v. Employers Mutual of Wausau,* 286 So. 2d 676 (La. 1974).

While the present case appears to fall within the ambit of *Millen v. Miller,* supra, it is not necessary to decide whether this record presented sufficient evidence to warrant a charge on the existence of a safer alternative. First, the court's charge exceeded the limits of the "choice of paths" doctrine: ". . . In that regard you will consider the testimony and you will have to ascertain and determine whether the minor plaintiff was on the road or grass at the time and was there a safer place to which he could have gone once he knew of the danger." The jury was left free to believe that even if the appellant was on the grass there was a safer route available, such as a street with sidewalks. There is nothing on record to support such an inference.

Secondly, it was prejudicial error for the court to allow Officer DiRocco to testify on cross-examination, over timely objection, that ". . . by his [the appellee's] statement both were walking on the road." The challenged testimony was an extrajudicial utterance offered to prove the truth of the matter asserted and thus constituted hearsay.

Neither the appellee nor the lower court argues that the appellee's declaration falls within one of the recognized exceptions to the hearsay rule.[2] Rather, both con-

---

2. The only conceivable exception applicable to this declaration would be the concept of res gestae: "A res gestae declaration may be defined as a spontaneous declaration by a person whose mind has been suddenly made subject to an over-powering emotion caused by some unexpected and shocking occurrence, which that person has just participated in or closely witnessed, and made in reference to some phase of that occurrence which he perceived, and this declaration must be made so near the occurrence both in time and place as to exclude the likelihood of its having emanated in whole or in part from his reflective faculties." *Allen v. Mack,* 345 Pa. 407, 410, 28 A. 2d 783, 784 (1942).

Our Supreme Court has recently stated that four distinct exceptions exist within the scope of res gestae: (1) declarations of present bodily condition; (2) declarations of present mental state and emotion; (3) excited utterances; and (4) declarations of present sense impression. *Commonwealth v. Coleman,* 458 Pa. 112, 326 A. 2d 387 (1974). The testimony at issue in this case can arguably fall only within the excited utterance exception.

According to Professor McCormick, there are two requirements for the applicability of the excited utterance exception: "First, there must be some occurrence or event sufficiently startling to render normal reflective thought processes of an observer inoperative. Second, the statement of the declarant must have been a spontaneous reaction to the occurrence or event and not the result of reflective thought." McCormick, *Evidence* §297 at 704 (2d ed. 1972). The facts of the present case (as the appellee apparently recognized) prohibit the use of the excited utterance exception.

The basis for the exception is its spontaneity. "The declaration must be spoken under conditions which insure that it is not the result of premeditation, consideration or design, and *it cannot be in the form of a narration or attempted explanation of past events,*

tend that the testimony was properly admitted because the appellant had "opened the door" to this line of questioning by asking Officer DiRocco on direct examination whether during the course of investigation he had determined who was driving the automobile.[3] In its opinion, the lower court stated: "The testimony of the officer concerning his identification of the driver by the defendant's own admission was properly admissible and the remainder of the statement made to the officer in conducting his investigation was likewise admissible." This reasoning completely ignores the existence of the rule prohibiting the admission of hearsay declarations. The appellee was present at trial and could have testified regarding his version of the events surrounding the accident. A self-serving hearsay declaration should not be admitted in lieu of the declarant's own testimony.

The appellee argues that even if this testimony was barred by the hearsay rule, its admission was harmless error because the appellant's own testimony placed him on the roadway. The appellant's brother had stated that he was walking on the grass while the appellant was

---

thus the process of the intellect cannot have had an opportunity to be set in motion. *Commonwealth v. Cheeks*, 423 Pa. 67, 223 A. 2d 291 (1966); ... The exciting event, closely followed by the spontaneous exclamation emanating from the event, insures the truthfulness of the declaration, thus allowing for its admission into evidence." *Cody v. S.K.F. Industries, Inc.*, 447 Pa. 558, 564-565, 291 A. 2d 772, 775 (1972). (Emphasis added). The appellee's statement to the investigating officer is not a spontaneous utterance arising from the accident and thus cannot be classified as a "verbal act" on the part of the declarant. The appellee had sufficient time for reflective thought: "The basis for the admission of the utterance is its spontaneity, thus all utterances which do not display the mandated instinctive naturalness must be excluded for fear that the words will emanate in whole or in part from the declarant's reflective faculties." 447 Pa. at 564, 291 A. 2d at 775.

3. Whether or not the appellant's question was proper is academic because the appellee failed to object.

walking at the edge of the street. The appellee's hearsay declaration placed *both* boys on the road. Thus, the jury could have determined that the appellant was proceeding several feet into the street and was contributorily negligent for not walking on the extreme right-hand side of the road.

Judgment of the lower court reversed and the case remanded for a new trial.

PRICE, J., concurs in the result.

VAN DER VOORT, J., did not participate in the consideration or decision of this case.